BAHR v. ARNDT *et al.*

1. INTEREST: FORECLOSURES: A mortgage conditioned that the maker of a note therein described shall pay the same when it becomes due, "with interest thereon at the rate of ten per cent per annum from date, payable annually, according to the tenor and effect of said note," may be foreclosed for interest due before the maturity of the note.
2. CODE CONSTRUED. Sections 2088–91 favor rather than prohibit such a procedure. The plaintiff may elect to proceed under sections 2086–7 or under section 2033.

*Appeal from Scott District Court.*

MONDAY, JUNE 13.

This was a proceeding to foreclose a mortgage. Defendants demurred to the petition. The demurrer was overruled and from this order they appeal. The other facts appear in the opinion of the Court.

*Thompson & Barner,* for the appellants.

*James Grant,* for the appellee.

WRIGHT, C. J.—The note made by defendant, Arndt, to plaintiff, is dated August 4th, 1857, and due ten years from date, with interest at ten per cent payable annually. The mortgage was given to secure this note, and is conditioned that the maker of the note, shall pay the same when it becomes due, "with interest thereon at the rate of ten per cent per annum from date, payable annually, according to the tenor and effect of said note." Plaintiff seeks to recover the interest due August 4th, 1858, and a sale of the mortgaged premises, or so much thereof as may be necessary, to satisfy the amount found to be due. The several causes of demurrer may be stated thus: "That the note is not due, and that plaintiff cannnot ask to foreclose the defendants' equity of redemption, in the mortgaged premises, for the non-payment of the interest annually payable." After de-

fendants' demurrer was overruled, judgment was rendered in favor of the plaintiff, for the amount of interest due August 4th, 1858, and an order made for a special execution, directing the sheriff to sell so much of the mortgaged estate as would satisfy the judgment and costs, and if a part thereof was not sufficient, to then sell the whole, paying the surplus, if any, into court, to be dealt with as might be afterwards directed.

That the plaintiff had a right to proceed by action on the note, or to seek a foreclosure, for the interest due, we entertain no doubt. The Code favors rather than prohibits this procedure. Sections 2088–'91. Plaintiff has his election in such a case to proceed under sections 2086–'7, or section 2083. And to this same effect, see 2 Hilliard on Mort. 106–'8, and the cases cited: *Bank* v. *Chester*, 1 Jones, 290; *Stanhope* v. *Manners*, 2 Eden, 197; *Stewart* v. *Clark*, 11 Met. 384.

Judgment affirmed.