## HERSHEY v. HERSHEY.

1. **Contract:** INSTALLMENTS OF INTEREST. In a contract for the sale of an interest in real estate, the vendee agreed to pay "the principal sum of said purchase on or before five years from the date of the appraisement, and in the meantime to pay interest for the full sum, at the rate of seven per cent. per annum, *said interest to be paid semi-annually :*" *Held,* That the vendor could maintain an action for the unpaid installments of interest after they became due and before the expiration of five years.

2. **Vendor and vendee:** BOND. Section 3671 of the Revision of 1860 does not confine the vendor of real estate to the remedy therein prescribed. He

may, at his election, treat the vendee as a mortgagor and foreclose as in case of an actual mortgage, or he may proceed at law for the purchase money, or any unpaid and matured installment thereof.

3. —— ARBITRATION. Where parties who had a controversy in regard to the title of real estate, entered into an agreement by which they referred the question of value of the property to arbitrators, one binding himself to take and the other to give for the interest of the vendor, the sum which such arbitrators should name, such payment of both principal and interest to be made at times and in a manner prescribed by the terms of the agreement: *Held,* That it should be treated as an ordinary bond to convey.

*Appeal from Muscatine District Court.*

FRIDAY, DECEMBER 16.

FROM the petition it appears that these parties on and prior to the 19th of May, 1862, had a controversy in relation to a certain steam mill property, and on that day entered into an agreement in substance, as follows: For the purpose of settling the value of the interest of said plaintiff in said property, three persons were selected to appraise the same, and after the value is ascertained as aforesaid, said Jacob Hershey agrees to sell said interest to said Benjamin Hershey at the valuation thus fixed; and the said Benjamin agrees to purchase the same at such valuation, and to pay the principal sum of such purchase on or before five years from the date of the appraisement, and in the meantime to pay interest for the full sum, at the rate of seven per cent per annum, *said interest to be paid semi-annually.*

This agreement was signed and duly acknowledged by the said parties, and on the 8th of the succeeding August, the appraisers thus selected, after being duly sworn, and proceeding according to said agreement in writing, valued the interest of said plaintiff in said property at eleven thousand dollars. On the 25th of September, 1863, this action was instituted to recover the interest due, according to the terms of said agreement for one year, or up to August 8th, 1863.

It is also averred that defendant has continued to run and occupy said mill property, since the date of said award, without objection to the action of said arbitrators.

To this petition a demurrer was interposed, upon the ground "that by the terms of said agreement, no right of action has accrued or can accrue to plaintiff until the end of five years from the date of said appraisement, or until August 8th, 1867."

Demurrer overruled; defendant excepted and appeals.

*Jacob Butler* for the appellant.

*D. C. Cloud* for the appellee.

WRIGHT, Ch. J. — Appellant insists that plaintiff's remedy is either by bill in chancery for a foreclosure, under

1. CONTRACT: section 3691 of the Revision, or by an action at installments
of interest. law at the end of five years. And under this proposition he maintains, that the true construction of the contract is, that defendant was to pay, at the end of five years, the amount of the award with the interest in the contract, with six per cent interest upon any unpaid installments of interest.

The language of this agreement does not differ from that of the mortgage, in the case of *Bahr* v. *Arndt*, 9 Iowa, 39. There the interest was "payable annually;" here "said interest is to be paid semi-annually." Following that case, sustained as it unquestionably is by all the authorities, we are very clear that plaintiff, if there is nothing else to prevent his recovery, can maintain his action at law for any unpaid semi-annual installment of interest. The payment of interest periodically is expressly stipulated for, and for a breach of this condition of the contract plaintiff may recover, just as clearly as for the non-payment of an installment of the principal. By their agreement, the parties have made this interest when it matures, not simply an incident of the debt, but *pro tanto*, the debt itself. And

plaintiff was not, therefore, bound to wait the expiration of the five years from the date of the award, to recover for the semi-annual installment of interest. That this was the intention of the parties, could hardly be made plainer by the use of other language. Defendant agrees to pay the principal "on or before five years, and in *the meantime to pay interest* for the full sum at the rate of seven per cent per annum, *said interest to be paid semi-annually.*" If he was not bound to pay the interest until the principal matured, why not say that the principal was to draw interest, &c., or other similar language, instead of providing that in the *meantime* he would pay seven per cent interest, and pay it semi-annually? It seems to us that any fair view of this contract makes the interest due and payable every six months, and that plaintiff's right of action to recover for the non-payment thereof, is as complete, immediately upon the breach, as for the principal when it shall mature.

The foregoing views dispose of the point made by the demurrer, according to a strict construction of its language, but, in argument, appellant suggests some further considerations which we proceed briefly to notice.

The Revision, by § 3691, does not confine the vendor of real estate to the remedy therein prescribed. He may, at 2. VENDOR AND VENDEE: bond. his election, by the terms of this section, treat the vendee as a mortgagor, and proceed to foreclose as in the case of an actual mortgage. The statute, in its general terms, does no more than recognize a right which the vendor had before its passage, and it was not intended thereby to deprive him of his right to proceed at law for the purchase-money, or any unpaid and matured installment thereof. He had this right before, and the statute neither abridges nor denies it.

But it is insisted that in the case of a mortgage the title is in the mortgagor, and cannot in any way be affected by

the default of any one but himself, whereas, if the vendee in this case is compelled to pay this interest, before the maturity of the principal sum, he has no guarantee that he will get a perfect title, or anything else than a claim for damages against the vendor.  To this a sufficient answer ought to be, that thus the vendee hath made his contract and by its terms he ought to and must be bound. He might have had other and different stipulations, might have provided for other conditions, but he did not, and it is no part of our duty to make a contract for him.   If he has agreed to pay part of the purchase-money before he can demand a conveyance, he has no right to ask that the vendor shall do more than is stipulated in the bond.   Not only so, but if there is a failure of the consideration, if the vendor cannot perform his contract, if he cannot make a title for his interest, then such defenses are as available in this action as in a proceeding to foreclose under the statute.   Then again, it will be observed that plaintiff makes no agreement to do more than sell his *interest* in the property.   What this interest is, does not appear.   It may be that the complete legal title to the property is already in the defendant, and that plaintiff only disposed of an equity.   If so, then any argument based upon the vendor's inability to convey and make good the same at the end of five years, is entitled to but little weight.

In addition to all this it seems to us that this contract, upon the assumption that the vendor has a legal interest in the property, should be treated as a bond to convey.   One party agrees to sell and the other to purchase.   Instead of fixing the price themselves, they refer the same to the arbitrament of three persons by them selected.   They fix the time of payment and all the terms except the amount.   The agreement is duly acknowledged, and defendant continues to enjoy the use of the premises without objection to the terms or conditions of the award.

And suppose this was in its very terms and language a contract to convey, would there be any question but that plaintiff could sue for and recover the installments of interest as they matured? It seems to us that while in equity he might treat such a contract as a mortgage and foreclose it accordingly, he is by no means confined to that remedy, but may sue at law for the interest, precisely as though he had separate notes for the same. And as he might do so in the case of an ordinary bond, so may he upon this contract.

Affirmed.