JOHN A. SCUDDER ET AL., Plaintiffs in Error, *v.* WILLIAM WADDINGHAM, Defendant in Error.

### April 1, 1879.

1. Where the vendee of real estate refuses to accept a deed or take possession of the property, the title does not pass, and an action will not lie for the purchase-money where the vendor remains for an indefinite period in possession of the rents and profits.

2. The vendor of realty who seeks to recover the purchase-price must make his election at once, and, as far as possible, put the vendee in his place. The action must be prompt, and consistent with the theory that the purchase-money is his and the land that of the alleged vendee.

3. The measure of damages in case of a breach of a contract to purchase land, is the difference between the price agreed upon and the value of the land at the time of the breach.

ERROR to St. Louis Court of Appeals.

*Affirmed.*

JOHN H. OVERALL, with JAMES O. BROADHEAD, for plaintiffs in error.

GLOVER & SHEPLEY and GEORGE P. STRONG, for defendant in error.

HAYDEN, J., delivered the opinion of the court.

There was judgment for defendant upon demurrer in the court below, and the question is as to the sufficiency of the petition. The substantial facts alleged are, that the defendant employed real-estate brokers to purchase from the plaintiffs a lot of ground at the price of $600 a foot, whereupon the brokers, for the defendant, offered in writing, in his name, to buy from plaintiffs the land at the sum named, the plaintiffs to pay the brokers their usual commission; that this offer was by the plaintiffs accepted, and that thereupon, on the second day of March, 1874, the plaintiffs executed to defendant their warranty deed, "and did thereby convey to the defendant the said lot of ground upon the terms of his said offer to purchase the same." The petition then alleges a delivery of the deed to the brokers, and that the latter, " as the agent of the defendant thereunto duly authorized, for defendant, did, on, etc., duly accept the deed;" that the defendant, though often requested to pay the purchase-money of the land, refused and still refuses so to do. Judgment is asked for the amount of the purchase-money.

This petition is bad as the presentation of either a legal or equitable cause of action. The plaintiffs here seek to recover the purchase-price. Not only is the breach assigned the refusal to pay the purchase-price, and not the non-completion of the purchase itself, but an attempt is made, however ineffectually, to aver that the title passed. Thus it is, even disregarding the prayer, not a good petition for damages for breach. It is averred that the deed was accepted, and on this basis the action is for the whole purchase-money.

Yet, while the attempt is thus made to give color to the position that the property passed, it is clear from the whole petition that the property did not pass. That the mere brokers took the deed, must, as against the pleader, be considered equal to an averment that the defendant refused to accept it. But further, even supposing that the brokers, being "thereunto duly authorized," etc., did accept the deed, it is not alleged that the defendant ever took possession ; yet if the purchase stopped short of completion, how can it be maintained that the property passed? If the vendee may refuse at one point, he may refuse at any. The tender of a deed is a step in the transaction, as the tender of a bill of sale might be for personal property ; but if a bill is taken and the goods refused, does the property pass? On the basis of an ordinary action for damages, tender of a deed, and refusal, may be sufficient ; for there is a breach, and the intention being shown, the vendor need not uselessly go further. But the vendee may refuse to complete the purchase by refusing to take the property. The property is then on the vendor's hands. The law, taking facts as it finds them, recognizes this. If the vendor retains the land or goods, the vendee is not to be fined in the amount of the purchase-money. On the other hand, the injured party is to be compensated, not rewarded. He has his property ; and his injury is the damage, measured in money, which he has suffered by the purchaser not taking it.

If, indeed, the seller is not content with damages, he may have specific performance and get his purchase-price. But he cannot get rid of the tests imposed by equity by bringing a common-law action for the purchase-price. At common-law, upon a breach his right of action accrues to him, and whether the mere subject-matter of the contract be land or goods, the action is a personal right which he may enforce until it is barred by the statute. But if the seller elects to take the purchase-money, he must do so at once ; and thus, on the basis that he is entitled to it, the money

becomes his and the land becomes the property of the purchaser. The seller can become entitled to the purchase-money only by, so far as in him lies, putting the purchaser in the seller's place. The seller cannot wait, as the argument of the plaintiffs implies he can, up to the time the right of action is barred by the statute of limitations, enjoying all the while the rents and profits of the estate, and then by a decree obtain the purchase-money. The decree merely adds the sanction of equity to what was done by the parties, who, by their exchange, vested the title to the money in the seller and made the land the property of the purchaser. But it is only on the basis of prompt and persistent action to this effect on the part of the seller seeking his purchase-money that he can obtain a decree. All that the plaintiffs have here averred may be true, and yet they may have no title to the purchase-money.

Whatever doubt there may have been as to the proper measure of damages in cases of this kind, it seems now well settled, and by the highest authorities, that the seller is not entitled to recover the money agreed to be paid for the land, but only the difference between the contract price and the market value of the land at the time of the breach. *Railway Co.* v. *Hawkes*, 5 H. L. Cas. 376, per Lord St. Leonards ; *Laird* v. *Pein*, 7 Mee. & W. 474, per Baron Parke ; *Railroad Co.* v. *Evans*, 6 Gray, 25.

The judgment of the court below is affirmed. All the judges concur.