REED *v.* DOUGHERTY.

One who has made a contract for the sale and conveyance of land, the agreed purchaser never having entered into possession nor taken a conveyance, has his election of two remedies, if the contract be binding upon the other party: he may either proceed by an equitable action for specific performance, or bring an action at law for damages for breach of the contract. But so long as the title is in himself, although he may have tendered a conveyance, he cannot maintain an action for the purchase money, or for a balance of the same when some of it has been paid. It follows that the present action, not being one for specific performance nor for damages for a breach of contract, but for purchase money, is not maintainable, the same being based on a contract signed by the plaintiff only, which contract is in the following terms: "La-Fayette, Ga., Jany. 29th, 1891. Received of A. H. Reed one hundred dollars in part payment for the following described lots: 35, 36, 37, 71, 72, 7th dist. and 4th section. Also 247, 144, 50, one half of 51, one half of 58, and forty acres (unknown), and 94 and 95 in 12th dist. 4th section, on the following terms: price $3.00 per acre, $5,400.00; payments to wit, $1,800.00 when deeds and abstracts are delivered, $200.00 in stock of the Northwestern Southern Investment Co., the balance $3,400.00 notes payable in 12 months at 6 interest, mtg. back to secure deferred payments"; there being no

evidence that the defendant ever took possession of the lands, or that any complete and final delivery of the conveyance tendered to him by the plaintiff was ever made, or that any notes or mortgage had been executed.        *Judgment reversed.*

July 30, 1894.

Attachment. Before Judge Henry. Walker superior court. August term, 1893.

The attachment was issued against Reed, a non-resident, and was levied on land. In his declaration plaintiff alleged, that Reed was indebted to him the sum for which the attachment was issued, for the purchase-money of a number of land lots; that defendant entered into a written contract (set out in the head-note) for the purchase of said land; that plaintiff had fully complied with all the conditions of the same; and that defendant had utterly failed to comply therewith, or to pay the purchase money or any of it. There was a verdict for the plaintiff, and defendant's motion for a new trial was overruled.

R. M. W. Glenn and Payne & Walker, for plaintiff in error. Copeland & Jackson and Lumpkin & Shattuck, *contra.*