## Goodwine v. Kelley et al.

[No. 4,689.    Filed April 19, 1904.]

SPECIFIC PERFORMANCE.— *Contract for Sale of Real Estate.— Inequality.*—Plaintiffs contracted in writing to sell defendant a farm, the purchase price to be paid by the immediate delivery of a grocery of the value of $2,000, the payment of $1,625 in cash upon the delivery of the deed and the execution of a note secured by mortgage. Plaintiffs were to furnish an abstract of title as soon as it could reasonably be compiled, and to convey the real estate by warranty deed. No provision was made in the contract for the return of the grocery in the event of the failure of defendant to obtain title to the real estate, and no provision under which specific performance could be enforced. *Held*, that the contract was unequal, and that suit could not be maintained by plaintiff for specific performance. *pp. 58-61.*

VENDER AND PURCHASER.—*Breach of Contract.—Remedy.*—Suit may be maintained for damages for failure to perform an executory contract in writing for the sale of real estate or for specific performance; an action at law for the purchase price will not lie. *p. 61.*

SAME.—*Breach of Contract by Vendee.—Measure of Damages.*—The measure of damages for breach of contract to purchase real estate is the difference between the price of the property as fixed in the contract and the fair cash value thereof at the time of the breach of the contract. *p. 62.*

From Putnam Circuit Court; *P. O. Colliver*, Judge.

Action by Charles A. Kelley and another against Blanche Goodwine. From a judgment for plaintiffs, defendant appeals. *Reversed.*

*G. C. Moore, T. T. Moore, H. H. Mathias* and *J. F. Hanly,* for appellant.

*S. A. Hays, B. F. Corwin* and *J. H. James,* for appellees.

COMSTOCK, J.—Appellees were plaintiffs below. The complaint was in two paragraphs. The first was withdrawn. The second alleged, in substance, that appellee Kelley, for the benefit of himself and co-appellee Hannah, on April 28, 1902, entered into a written contract with appellant by which appellees sold to the appellant a farm in Monroe township, Putnam county, Indiana, which was known to the parties to said contract as the "Samuel H. Hillis farm," and contained 159¾ acres. Possession of the farm was reserved until December 25, 1902. The agreed purchase price was $5,200, to be paid in the following manner: (1) The appellant was to deliver immediately to the appellees her grocery, delivery wagon, horse, and harness, which she had in the city of Greencastle, which was to be taken as a part payment of $2,000 of the purchase price of the farm. (2) The sum of $1,625 was to be paid in cash upon the delivery of the deed. (3) The sum of $1,625 was to be evidenced by the appellant's note due December 25, 1902, and to be secured by mortgage upon the real estate. The appellees were to furnish an abstract of title to the land as soon as it could reasonably be compiled, and to convey the real estate by a warranty deed. The plaintiff alleges that the contract of the parties was reduced to writing, and that the scrivener, in describing the farm, by mistake described it as being in range number five west, when in truth and in fact the farm was in range number four west, and that the parties to the contract signed the same with the understanding that it described the farm known as the Samuel H. Hillis farm, situate in Monroe township,

Putnam county, Indiana. The complaint further alleges a performance by the appellees of all of the conditions and agreements contained in the contract to be performed by them, and a delivery by the appellant to the appellees of the grocery, wagon, horse, and harness under the contract, and also alleges that an abstract of title and deed of general warranty for the land had been made and tendered to the appellant, and that she refused to accept the deed, and refused to make the cash payment, and refused to execute the note and mortgage. The relief which the complaint asks is that the contract be reformed by inserting a correct description, and that the appellees have judgment for the sum of $1,625 due, and judgment for the further sum of $1,625 to become due on December 25, 1902, and a prayer that the judgment be decreed a lien upon the premises sold. A copy of the contract is filed with and made a part of the complaint.

The appellant answered in two paragraphs, the first being in general denial. The second paragraph of the answer admitted the execution of the contract, but alleged that under the terms of the contract the real estate was to be conveyed free and clear of all encumbrances and liens, as shown by the abstract of title which was to be furnished, and that at the time the deed was tendered there was a tax lien against the property amounting to $17.59, as shown by the abstract of title.

At the request of the appellant, and over the objection of the appellees, a jury was called. The jury returned a verdict for the appellees. The court, of its own motion, adopted the verdict of the jury as a finding of the amount due the appellees from the appellant, and found that the sums so found by the jury were for the balance of the unpaid purchase price of the real estate described in the appellees' complaint; that the appellees were entitled to have a vendor's lien on said real estate for the said sum of $1,625, now due, and for the further sum of $1,625 to

become due December 25, 1902; that if the said sums of money found due were not paid to the appellees before the 25th day of December, 1902, the said real estate ought to be sold and the proceeds of such sale applied to the payment of the amounts so found due to appellees; that the allegations contained in the complaint are true; and that the contract mentioned in appellees' complaint ought to be reformed, the mistake therein corrected as in the appellees' complaint asked, judgment rendered in accordance with said findings for said amounts, and ordered the reformation of said contract and the sale of the said real estate as prayed for in the complaint.

It will not be necessary to consider all the errors assigned in this appeal. Counsel differ as to the theory of the second paragraph of the complaint. Counsel for appellant state that it was formed on one theory, the issues made upon another, and the cause tried upon still another; that the court construed it, in passing upon the demurrer, as an action at law on the promise in the contract to pay the purchase price for the land in question, and not for specific performance. For appellees it is contended that the theory of the complaint was to recover an unpaid balance of the purchase money.

It is the recognized rule that the theory of a pleading is to be determined from its controlling averments, and not by the name given it. It is also the rule that when a complaint states facts sufficient to entitle a party to any relief it is good against a demurrer. So that, if the complaint is good either for specific performance or to recover the balance of the purchase money, the demurrer was properly overruled. *Coleman* v. *Floyd*, 131 Ind. 330. Is it sufficient for specific performance? An executory contract will not be enforced unless it is perfectly fair, equal, and just in its terms and in the circumstances. Pomeroy, Eq. Jurisp. (2d ed.), §1405; *Louisville, etc., R. Co.* v. *Bodenschatz*, 141 Ind. 251, 263, and cases cited. By the terms

of the contract appellant was required to deliver to the appellees the stock of goods, wagon, and harness, which were to be immediately delivered to appellees, and which appellees agreed to accept and did accept in payment of $2,000 of the purchase price of the land.   Appellees were not required to execute a conveyance until after an abstract of title had been furnished appellant.   In the event of the failure of appellees to furnish an abstract of title to the appellant, no provision is made in 'the contract for the return of the goods, horse, wagon, etc., or for compensation in lieu thereof.   It may be fairly inferred from the contract that the land contracted to be sold was not owned by the appellees at the time of the execution of the contract. Had appellees failed to obtain title, or if the title was encumbered by lien, the contract contained no terms under which specific performance against appellees could have been decreed.   Appellant, under such conditions, would have been limited to her remedy at law.   The contract is unequal.   "A less strong case is sufficient to defeat a suit for a specific performance than is requisite to obtain the remedy."   Pomeroy, Eq. Jurisp. (2d ed.), §2164, note. 1. Other objections are made to the sufficiency of the complaint for specific performance which are not necessary to notice.

Is the complaint good for the unpaid purchase money? There are two remedies for the failure to perform an executory contract in writing for the sale of real estate: (1) An action for damages for the breach of the contract; (2) for specific performance.   20 Ency. Pl. & Pr., 398; Beach, Contracts, 1092.   An action at law will not lie on an executory contract in writing for the sale of real estate to recover the purchase price.   *Porter* v. *Travis,* 40 Ind. 556.   If we should concede that the action is not upon the executory contract, but is an action at law for breach of contract, a reversal is required because the court instructed the jury that the measure of damages, if they

found for appellees, would be the amount of the cash payment mentioned in such contract, with six per cent. interest thereon from June 13, 1902, and the amount of the payment to become due under such contract on December 25, 1902. This was error. The measure of damages in such a case is the difference between the price of the property as fixed in the contract and the fair cash value of the property at the time of the breach of the contract. *Farmers, etc., Assn.* v. *Rector,* 22 Ind. App. 101, and cases cited. The verdict and judgment were based upon said erroneous measure of damages.

Judgment reversed, with instructions to sustain the demurrer to the second paragraph of the complaint.

## CONCURRING OPINION.

ROBY, J.—The contract between the parties stipulated that appellees should furnish an abstract of title as soon as could be reasonably done, it to be compiled by an abstracter to be approved by appellant, the same to show a title to said real estate in the "party of the first part which the party of the second part shall deem to be a sufficient and satisfactory title." I think the action is one to compel the specific performance of this contract, and I do not think the complaint sufficient as against a demurrer for want of facts for the reason, in addition to those stated in the opinion, that it does not contain averments showing that the abstracter who made the abstract was approved by appellant, nor that the title shown thereby was deemed to be sufficient by her. *New Telephone Co.* v. *Foley,* 28 Ind. App. 418; *Allen* v. *Pockwitz,* 103 Cal. 85, 36 Pac. 1039, 42 Am. St. 99.