J. A. PRICHARD, Appellee, v. JOHN MULHALL, Appellant.

Executory land contract: ACTION AT LAW FOR BREACH: TENDER AND
1 PRODUCTION OF DEED. Assuming that upon breach of an execu-

tory contract for the sale of land the vendor may bring an action at law to recover the purchase price, it can only be maintained on a tender and production in court of a proper deed of conveyance for the use of the vendee.

**Breach of land contract:** REMEDY OF VENDOR. Upon the breach by 2 a vendee of an executory contract for the sale of land, the vendor's remedy is an action in specific performance or at law for damages, and an ordinary action for the recovery of the purchase price will not lie.

**Measure of damages.** A vendor's measure of damages for breach 3 of a contract, where he retains the title to the land, is the difference between the contract price of the land and its market value at the time of the breach less any portion of the purchase price already paid.

*Appeal from Woodbury District Court.*— HON. WM. HUTCH-INSON, Judge.

WEDNESDAY, JUNE 7, 1905.

THE opinion states the case. — *Reversed.*

*Jepson & Jepson,* for appellant.

*J. A. Prichard, pro se.*

WEAVER, J.— On June 21, 1902, the plaintiff and defendant entered into a written contract by which, for a stated consideration, the former agreed to convey or cause to be conveyed to the latter, on March 1, 1903, a certain tract of land in Woodbury county, Iowa. Plaintiff also undertook to furnish to defendant within thirty days an abstract showing perfect title to the land in one Robert Glenn, failing which he promised to return to defendant the advanced payment received, and the contract should thereupon cease to be of any effect. On March 21, 1903, plaintiff brought this action at law, alleging that he had performed all the conditions of the contract upon his part, and that on the 2d day of March (the first day having been Sunday) he tendered to the defendant a warranty deed of the land, and offered to deliver to him

possession of the premises, but defendant refused to accept the conveyance or to pay the agreed price. Upon these allegations the plaintiff prays judgment against the defendant in the sum of $3,370 and interest. The defendant admits the written contract, but denies all other allegations of the petition, denies that the plaintiff has sustained any damage on account of the noncompletion of the contract, and, by way of counterclaim, asks to recover from plaintiff the amount of the advance payment of $200 and interest. In reply, the plaintiff alleges a waiver by defendant of any objection to the title to the land or to the abstract thereof. The cause was tried to the court without a jury, and judgment rendered against the defendant for the recovery of the full unpaid balance of the contract price of the land. The defendant appeals.

Assuming, for the present, that upon breach of an executory contract for sale of land the vendor may maintain an action at law for the recovery of the agreed purchase price, 1. EXECUTORY LAND CONTRACT: action at law for breach; tender and production of deed. we are nevertheless of the opinion that the judgment here appealed from is without sufficient support in the record before us. The title to and possession of the land has at all times during this controversy been in the appellee or his grantor, Glenn. It goes without saying that appellee cannot compel payment for the full contract price and keep the property for which that price was to be paid.

If a court of law takes cognizance of the dispute and grants a recovery for the contract price, it can only be upon a tender of a proper deed of conveyance, and the production of such deed in court for the use of the purchaser. *Hogan v. Kyle,* 7 Wash. 595 (35 Pac. 399, 38 Am. St. Rep. 910); Warvelle on Vendors, 961; *Melton v. Coffelt,* 59 Ind. 310; *Goodwin v. Morey,* 111 Ind. 68 (12 N. E. 82); *Soper v. Gabe,* 55 Kan. Sup. 646 (41 Pac. 969). Now, the appellee in the present case, while alleging in his petition the tender of a deed, fails to allege that the tender has been kept good,

or a present willingness and ability to convey a good title to the appellant. It is possible that this defect of allegation would not be fatal if the deed had been produced upon the trial and placed in custody of the court for delivery to the appellant upon payment of the judgment, but the record is entirely barren of evidence to that effect. True, keeping the tender good is not essential to the recovery of damages, but appellee's demand is not limited to damages, and the judgment appealed from is founded upon the theory of his right to recover the entire contract price.

The rule invoked by appellee which upholds a tender of specific property, even though not kept good, has no application to sales of land. Under a contract for the sale of specified articles of personal property, a tender at the proper time and place ordinarily operates to pass the title to the purchaser, and the seller is under no obligation to repeat his offer or to make profert of the property in court. But a tender of performance by a vendor of land has no effect to pass the title. That can be accomplished only by deed duly delivered, or by decree of a court of equity in an appropriate action.

Moreover, the decided weight of authority is to the effect that, upon breach by the vendee of an executory contract for the sale of land, the vendor's remedy is in equity for specific 2. Breach of performance, or at law for damages, and that land con- tract: remedy an ordinary action for the recovery of the con- of vendor. tract price will not lie. *Reed v. Dougherty,* 94 Ga. 661 (20 S. E. 965); *Goodwin v. Kelley,* (Ind. App.) 70 N. E. 832; *Barron v. Easton,* 3 Iowa, 79; *Old Colony R. R. v. Evans,* 6 Gray, 25 (66 Am. Dec. 394); *Smyth v. Sturges,* 108 N. Y. 495 (15 N. E. 544); *Hodges v. Kowing,* 58 Conn. 12 (18 Atl. 979, 7 L. R. A. 87); *Griswold v. Sabin,* 51 N. H. 167 (12 Am. Rep. 76); *Hogan v. Kyle, supra; Scudder v. Waddington,* 7 Mo. App. 26; *Schmaltz v. Weed,* 27 App. Div. 310 (50 N. Y. Supp. 168); *Dayton, etc., v. Coy,* 13 Ohio St. 51–90; *Railway Co. v. Hawkes,* 5 H. L. Cas. 376; *Laird v. Pim,* 7 Mees. & W. 474; *Meason v. Kaine,* 63 Pa. 335.

The cases of *Hershey v. Hershey,* 18 Iowa, 24, and *Goodpaster v. Porter,* 11 Iowa, 161, are sometimes cited in support of the doctrine by which the vendor may recover the full purchase price upon failure of vendee to perform his contract. The Hershey Case is clearly not in point.   There the plaintiff had entered into a contract to purchase the land, the agreed price thereof to be paid at the end of five years, with interest thereon payable semiannually, and it was held that an action at law would lie for the installments of interest as they fell due and before the obligation to pay the principal sum matured.   It is obvious that the purchaser's undertaking to pay interest semiannually, and the seller's undertaking to make a deed at the end of five years, were independent covenants, and action would lie to enforce payment of such installments as soon as they matured, without reference to the fact that the sale and purchase had not been consummated by a conveyance.   Had the seller not brought suit upon these installments until all payments under the contract were due, and the purchaser had then refused to proceed, a very different question would have been presented.   *Hogan v. Kyle, supra.*

In the Goodpaster Case the plaintiff had purchased land at the request or procurement of the defendant, who promised to take it off the plaintiff's hands at a stipulated sum, if the latter elected not to keep it, or desired to dispose of it.   Plaintiff availed himself of this option, and it was held he could recover the agreed consideration.   The peculiar facts in the case probably justified this holding.   Plaintiff had been induced to put his money into the land upon the express condition that at his option, to be exercised within a stated period, the defendant would take the land and return to him his money with a margin of profit.   Under such circumstances, to require plaintiff to keep the land, and to limit his recovery to a matter of damages, would be inequitable.   In disposing of the case the court makes use of language, which, standing alone, would give some support to appellee's contention in this case, but the question now before us was not nec-

essarily involved, nor was there any discussion of the general rule nor of the authorities. It is to be conceded that the authorities are not in entire harmony upon the rule governing the rights of vendors in cases like the one at bar, but we are satisfied that the rule which we approve is the prevailing as well as the better one. Such, also, is the view of many of the leading text-writers. See 2 Warvelle on Vendors, section 937; *Freeman's note to Garrard v. Dollar* (N. C.) 67 Am. Dec. 278-280; 2 Sutherland's Damages (3d ed.) section 569; 3 Joyce on Damages, section 1758; Wood's Mayne on Damages, section 243; Hall on Damages, page 366. It may also be said that in *Warren v. Chandler,* 98 Iowa, 242, this court approvingly cited the rule stated by Mr. Sutherland, and applied it to the case there being considered.

Most of the cases which appear to hold that a vendor, while still possessed of the title and the property, may maintain an action to recover the purchase price, seem to proceed upon the theory that, although the action is in form at law, it still invokes the equity powers of the court to such a degree as to enable it to make such orders and directions in respect to the enforcement of the judgment as will protect the rights of all concerned. *Rindge v. Baker,* 57 N. Y. 209 (15 Am. Rep. 475); *Shelley v. Mickelson,* 5 N. D. 22 (63 N. W. 210). As is well observed by Mr. Sutherland (volume 2, section 570), " It is evident that these are irregular expedients to give the judgment at law the effect of specific performance," an expedient which is of doubtful propriety in jurisdictions where, as in this State, the distinction between actions at law and in equity is still preserved.

Under the authorities we have cited and the issues here joined, the appellee's measure of damages, if found entitled to recover, is the difference between the contract price of the

3. Measure of DAMAGES.    land and its market value at the time of the breach, less the portion of the purchase price already paid, and, as no evidence was introduced upon this

feature of the controversy, it follows of necessity that the judgment appealed from must be reversed.

Other questions have been argued, but they principally involve matters of fact, and, in view of the possibility that the pleadings will be modified before a new trial is had, we do not undertake their consideration.

For the reasons stated, the judgment of the district court is *reversed.*