INDEPENDENT SCHOOL DISTRICT NO. 65 IN LINCOLN
COUNTY, ET AL. v. THE COUNTY BOARD OF
LINCOLN COUNTY, ET AL.[1]

May 25, 1923.

No. 23,324.

What presented by appeal from order of county board consolidating school districts.

1. An appeal to the district court from an order of the board of county commissioners, acting under G. S. 1913, § 2677, consolidating certain school districts, presents the question whether the order of consolidation or refusal to consolidate was arbitrary, unreasonable and against the best interests of the territory affected.

What presented by appeal from order of district court to supreme court.

2. An appeal to the supreme court from an order of the district court approving or disapproving the consolidation order of the county board presents, in the absence of some point of law raised by the record, the single question whether the order of the district court is clearly and manifestly against the evidence.

From an order of the county board of Lincoln county granting a petition to detach territory from Independent School District No. 65 for the purpose of forming a common school district, School Dis-

[1]Reported in 194 N. W. 8.

trict No. 65 and the members of its school board appealed to the district court for that county, on the ground that the action of the board was against the best interests of the territory affected and was arbitrary, fraudulent and oppressive. The appeal was heard by Olsen, J., who made findings and reversed the order of the county board. From an order denying their motion for a new trial, William Janiszeski and others appealed. Affirmed.

*Thor B. Ostensoe* and *Ole Ostensoe*, for appellants.

*L. P. Johnson* and *O. A. Lende*, for respondent.

BROWN, C. J.

Proceedings for the consolidation of certain school districts of Lincoln county were duly had before the board of county commissioners under G. S. 1913, § 2677, resulting in an order attaching all the territory of districts 14 and 30 to the adjoining district 65 in the village of Ivanhoe, the county seat of the county. The order of consolidation was made and filed and became effective on November 29, 1919. The school affairs have since been conducted by the consolidated district. In September, 1921, petitions were filed with the county board praying for an order re-establishing the former districts 14 and 30 out of the territory theretofore embraced therein. After due hearing the petitions were granted by order of that date, by which the consolidated district was dissolved. From that order an appeal was taken to the district court as authorized by the statute. The district court reversed the order, thus reinstating the consolidated district. The cause comes to this court by an appeal from an order denying the motion of petitioners for a new trial.

The rule guiding the trial court in the review of orders of this character, has often been stated, but to the same effect, that the determination of the legislative body, the board of county commissioners under this statute, will be reversed or set aside only when it appears erroneous as a matter of law, or was arbitrary, unreasonable, or unjust, against the best interests of the public, or fraudulently made. The late decisions will be found cited in Dunnell, Minn. Dig. 1921 Supp. § 8664, at page 981. On appeal from any

such order, whether it approves or disapproves the action of the county board, the supreme court will be guided by the general rule applicable to other appeals involving questions of fact, thus limiting consideration in this court, there being no points of law, to the question whether the order of the trial court is clearly or manifestly against the evidence. In that light we have given careful attention to the record and find therefrom evidence sufficient to sustain the order in review, at least evidence which precludes the conclusion that the evidence is manifestly against the order. We therefore affirm it.

It appears that subsequent to the order of consolidation, made in November, 1919, the officers of the consolidated district made all necessary preparations to meet the new conditions; purchased equipment for the transportation of the children to and from the new school, at an expense of $2,000; additional grounds for a new school building were purchased, and $100,000 of district bonds voted by the people of the affected territory, for the construction of a new school building, which have been issued and disposed of, the money being now on deposit in the local banks to the credit of the school district. The trial court found that no change in the situation of the outlying districts has taken place since the consolidation, though substantial change in the condition and affairs of the consolidated district have taken place to the effect just stated. In other words, that the reasons for the consolidation were the same when the order here in dispute was made as they were when the original order was made, with the propriety of permitting the consolidation to remain emphasized by the new conditions coming into being in reliance thereon. It further appears that at the general election occurring in 1920, subsequent to the consolidation, two new county commissioners were elected, thus changing the personnel of the county board. The vacation order was adopted by a vote of three to two, the two new members being with those voting in the affirmative. The trial court was of opinion that they were actuated, not by the educational interests of the affected territory, but by the personal views of some of the interested residents and taxpayers of the outlying districts.

Upon these facts, which are in no substantial way challenged, we are unable to reach the conclusion that the order appealed from, in effect reinstating the consolidation of the districts, was either clearly or manifestly against the evidence. In fact the action of the learned trial judge could not well have been otherwise, since he was not passing upon the issue as an original proposition, but only upon the question whether the dissolving order was unreasonable, unjust and in disregard of the best interests of the territory affected.

Order affirmed.