JONES, Respondent, v. TSCHETTER, Appellant.

(194 N. W. 839.)

(File No. 5191. Opinion filed July 19, 1923.)

1. **Vendor and Purchaser—Dependent Covenants—Bills and Notes— Note for First Installment Held Dependent, After Default in Second Payment.**

Where the initial payment on a contract for the purchase of land was made by a note instead of in cash, as recited in the contract, the note, though originally an independent covenant on which an action could have been brought at any time after it became due, and before the expiration of the period after the due date of the second payment, when the contract was to be forfeited according to its terms, became a dependent covenant, if not sued on until after that date.

2. **Vendor and Purchaser—Tender—Specific Performance—Vendor Cannot Recover Purchase Price After Purchaser's Default.**

Even though a contract for the sale of land gave the vendor the right to elect to continue the contract in force after the purchaser's default, the vendor was not thereby entitled to recover the purchase price specified in the contract, especially where he did not tender performance, but his remedy was either in equity for specific performance, at law for damages for breach of contract, under Rev. Code 1919, Sec. 1971, or for strict foreclosure under section 2914.

Appeal from Circuit Court, Spink County; Hon. ALVA E. TAYLOR, Judge.

Action by James P. Jones against Sam J. Tschetter. Judgment for plaintiff, and defendant appeals from the judgment and from order denying motion for a new trial. Judgment and order reversed.

*Haney, McCoy & McCoy,* of Huron, for Appellant.

*W. F. Bruell,* of Redfield, for Respondent.

Appellant cited: Prichard v. Mulhall, 103 N. W. 774, 4 Ann. Cas. 789; Dickson v. Turner, 149 Ill. App. 394, 39 Cyc. 1981; Ink v. Rohrig, 23 S. D. 548; Vol. 2, Winslow's Pleadings and Forms, Sec. 1694, 39 Cyc. 1986-1994, 27 R. C. L. 613; Kennedy v. Grandling, 11 S. E. 1081; Kerr v. Bygren, 24 Ann. Cas. 538; 27 R. C. L. 422; Acme Co. v. Olen, 17 L. R. A. (N. S.) 807; Tuthill v. Sherman, 36 S. D. 242; Beecher v. Conrad, 13 N. Y. App. 108; McCroskey v. Ladd, 31 Pac. 558; Underwood v. Tew, 34 Pac. 1100; Hauertt v. Kauffman (S. D.), 186 N. W. 555;

19 R. C. L. 493, Sec. 289; Nichols v. Bradshaw, 2 A. L. R. 623, 183 Pac. 12; Snyder v. Miller, 69 L. R. A. 250, 80 Pac. 970, 114 Am. St .Rep. 489; Swearingen v. Lahner, 26 L. R. A. 765.

Respondent cited: Hounchin v. Salyards (Ia.), 133 N. W. 48; Harvey v. Morris, 63 Mo. 475; McIndoe v. Morman, 26 Wis. 588; Kretzinger v. Emering (Ia.), 150 N. W.1038; Battey v. Beebe, 22 Kans. 70; Tripp v. Bishop, 56 Penn. St. 424; Richards v. Edick, 17 Barb. 260; Goodpaster v. Porter, 11 Ia. 1616; Hershey v. Hershey, 18 Ia. 24; Cartwright v. Gardner, 5 Cush. 273; Sanborn v. Chamberlain, 101 Mass. 409; Payne v. Brown, 37 N. W. 228; Devling v. Little, 26 Penn. St. 502; 27 R. C. L. 455; 27 R. C. L. 459; Bobo v. Martin, 40 A. D. 501; Robinson v. Harbour, 97 A. D. 501; Biddle v. Coryell, 18 N. J. L. 377; Wheeler v. Mather, 56 Ill. 241; Shelley v. Mikkleson (N. D.), 63 N. W. 213; First National Bank v. Agnew, 45 Wis. 131.

ANDERSON, P. J. But little, if any conflict appears in the evidence material to a determination of the assignments of error. The facts in substance are: That on August 21, 1919, appellant and respondent entered into a contract by which appellant agreed to pay respondent $25,000 as purchase price for a half section of land described and respondent promised and agreed to convey by deed the land to appellant; the first payment of $1,000 to be made in cash at execution of contract. This was not in fact done, as appears by the recitals in the contract, but a note for the $1,000 mentioned in the first cause of action was given in lieu of this cash payment. It appears that appellant has never made any payment on the purchase price.

[1, 2] The note given for the first or down payment we hold was originally an independent covenant, and an action could have been brought upon it at any time after due and before the expiration of 30 days after the due date of the second payment, but by forbearing action until either the contract was null and void or at the election of the vendor, all payments on the contract became due upon default, the vendor waived the right to treat the note as an independent covenant, and it there after in either event became a dependent covenant. Normally the contract became null and void 30 days after the failure to make the payment due March 1, 1920. The contract, however, gave the vendor the right

of election not to declare it null and void. If the contract was void, the vendor had no right to maintain this action. If the vendor elected not to declare the contract void, then the vendor has misconceived his remedy. Ontjes v. Thomas (S. D.), 187 N. W. 726.

In the fall of 1919 appellant plowed a portion of the land and planted, cultivated, and harvested some crop thereon during 1920, but neither cropped nor occupied, nor had anything to do with the land during 1921. In January, 1921, appellant, notified respondent that he would make no payments on the contract and that respondent would have to take back the land. There is no showing that either before or after commencement of this action respondent offered to perform his part of the contract by tender of a deed and abstract of title in accordance with terms of the contract. From plaintiff's complaint it appears that this action is for recovery of money only, of the first two installments of the purchase price as shown by the contract; the first installment being evidenced by note of $1,000, due October 21, 1919, given in lieu of cash as aforesaid, and the second installment being for $2,000, due March 1, 1920, under the contract.

The contract, in substance, provided that in case appellant shall pay the several sums of money punctually and at the times above stated, then first party (respondent) will make unto second party (appellant) a deed conveying the land in fee and also agreeing to furnish an abstract of title showing commercial title free of incumbrance, excepting mortgage aforesaid. In case second party shall fail to make the payments upon the strict terms and times above limited, time being of the essence of the contract, then the contract shall become null and void, and all rights and interest hereby created in favor of second party shall utterly cease and terminate, without any declaration, act, or re-entry, or without any other act of first party, as absolutely and fully as if this contract had never been made. If first party shall elect not to declare this contract null and void, in case second party shall fail to make the payments or any of them as stipulated, second party agrees to pay interest at the rate of 8 per cent per annum on all payments, principal and interest, from the date of their maturity. In case party of the first part shall elect not to cancel this contract as provided upon failure of party of the second part to pay any of

said money, principal or interest, within 30 days when it becomes due, it shall cause the whole sum of purchase money to become due and collectible at once.

On February 24, 1921, being the time of commencement of this action, two defaults on the part of appellant had occurred, each of which had existed more than 30 days before the beginning of this action, and either one of which defaults it is claimed was sufficient to cause the whole of the purchase price to become due under the terms of the contract. The first default occurred October 21, 1919, when appellant failed to pay the $1,000 note given in lieu of first payment. The second default occurred on March 1, 1920, and by reason of such default it is claimed that the entire purchase price became due and payable at the commencement of this action. It is contended by appellant that, when respondent commenced his action against appellant to recover on the $1,000 note and the $2,000 payment under the contract, respondent misconceived his remedy. He argues that respondent had only one entire cause of action, and that it could not be split, that by reason of the character of the breaches of this contract respondent could not maintain an action at law for the purchase price, but that his remedy was either in equity for specific performance or at law for damages for breach of contract under section 1971, R. C. 1919. Appellant contends that before respondent could recover in any form of action it was incumbent on him, under the facts of this case, to affirmatively show that he had complied with the terms of the contract on his part by alleging and proving tender of title as required by his contract. Appellant insists that theory of respondent and the learned trial courts is erroneous. Prichard v. Mulhall, 127 Iowa 545, 103 N. W. 774, 4 Ann. Cas. 789; Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594; Dickson v. Turner, 149 Ill. App. 394; 39 Cyc. 1981, 21 R. C. L. 612. In the case of Prichard v. Mulhall, supra, it was held that the decided weight of authority is to the effect—

"That upon breach of the vendee of an executory contract for the sale of land the vendor's remedy is in equity for specific performance, or at law for damages, and that an ordinary action for recovery of the contract price will not lie"—citing Reed v. Dougherty, 94 Ga. 661, 20 S. E. 965; Goodwine v. Kelley, 33 Ind. App. 57, 70 N. E. 832; Barron v. Easton, 3 Iowa 79; Schmaltz

v. Weed, 27 App. Div. 310, 50 N. Y. Supp. 168; 2 Warville on Vendors 937.

"The vendor in an executory contract for the sale of real property may maintain an action for specific performance, and is not limited to an action for damages for a breach by the vendee, or to an equitable proceeding to foreclose the vendor's lien for the purchase price of the property." Kerr v. Nygren, 114 Minn. 268, 130 N. W. 1112, Ann. Cas. 1912 C, 538; 5 Am. & Eng. Encyc. of Law 28.

It does not appear from the record in this case that the respondent ever made to appellant a tender to title, or furnished to appellant an abstract of title showing merchantable title in him. As we read the record in this case we gather that there is no dispute but that the covenant to convey and the covenant to pay were under the terms of this contract mutually dependent. If that be true, then there is no showing on the part of respondent entitling him to the payment of the purchase price. We are also convinced from a careful consideration of this record that respondent has mistaken his remedy. This we think clearly appears from the authorities. The practically uniform rule, as laid down by the authorities in cases of this kind, is that, where the vendee of an executory contract for the sale of land refuses to make payment, the vendor's remedy is in equity for specific performance, or at law for damages, or in this state under the provisions of section 2914, Code 1919, for strict foreclosure, and that an ordinary action for the recovery of the contract price will not lie.

The order and judgment of the trial court are reversed.

Note.—Reported in 194 N. W. 839. See, Headnote (1)L, American Key-Numbered Digest, Vendor and Purchaser, Key-No. 58, 39 Cyc. 1305; (2) Vendor and Purchaser, Key-No. 301, 39 Cyc. 1900.

On right of vendor to unpaid installments of the purchase price where the contract has terminated or been rescinded for default of vendee, see note in L. R. A. 1916C, 893.