ROWLAND, Admr, etc v STOUT, Exrx, etc

Ohio Appeals, 4th Dist, Athens Co
Decided April 10, 1930

Woolley & Rowland, Athens, for Rowland. Jones & Jones, Zanesville, for Stout.

MAUCK, J.

The question actually argued is whether or not the third paragraph of the contract, as above quoted, by its terms avoided the contract when Hayes defaulted in his payments for a period of two months. The claim of the plaintiff in error is that by the paragarph quoted the instrument sued on became absolutely void and of no effect as against either party whenever Hayes was two months in default. The claim of the other party is that the instrument was voidable only at the election of the vendor and that Hayes and those claiming under him can not take advantage of his default and avoid his obligation to pay in full, as he is bound to do by the first paragraph of the contract.

It is, of course, quite well understood that the provisions against default in contracts for the sale of real estate are ordinarily provisions against the default of the vendee and are stipulated for the benefit of the vendor, for the reason that the vendor has already fully performed and the executory provisions of the contract await perform-

ance by the vendee only. The plaintiff in error, however, points out that in **Mackenzie v. Stuber, 119 Ohio St. 588,** the parties in a land contract may provide by appropriate language for a default on the part of the vendee releasing the vendee himself from further performance. It is true that such a contract may be drawn, and such a contract was before the court in the Mackenzie case.

There is no provision in the instant contract for making all subsequent installments due upon default of an earlier one. There is no provision for the vendee yielding possession of the property on default and ne did not so yield possession, and while in the contract there is a provision that in case the contract becomes void the vendor shall not refund any payments made by the vendee there is no provision that payments actually made shall be full compensation for the use and occupation theretofore enjoyed by the vendee. The Mackenzie case is consequently not controlling.

We are of the opinion, therefore, that there is nothing in this contract that defeats the general rule that the provision of a forfeiture in this case was made for the benefit of the vendor and that the vendee could not take advantage of his own default and avoid the obligation imposed on him by other provisions of the contract.

There is another and more difficult question in the case, however, and that is as to whether or not the vendor can employ the remedy that he invokes in this case. The plaintiff sued at law. He recovered a judgment, the effect of which is that he has a judgment for so much of the contract price as is past due and a finding that the defendant administrator shall allow as a valid claim against the decedent's estate the installments not yet due. So far as the finding relates to the payments not yet due it would seem to be open to the objection that such a claim must be presented to and allowed by the probate court under **Section 10748 GC.,** and that the administrator could not allow such claim nor by his rejection thereof give jurisdiction to the common pleas court to allow such claim at law. The difficulty, however, transcends even the section referred to. If this judgment stands Hayes' administrator is required to carry out the contract of his decedent, make all the payments, and when he has done so the vendor will have the money and the legal title to the property, for there is nothing in this judgment which requires conveyance by the vendor and a court of law would be powerless to require it. The petition recites that upon full performance

"the plaintiff will be ready and willing to execute to the person or persons entitled thereto a deed for said premises."

It has made no such deed and only expresses a willingness to do so. Imputing to the parties the best of faith, and having in mind only the possibility of the death of the party now standing in vendor's shoes, it is easily seen that after the property is paid for in accordance with the judgment herein the vendees may be put to great expense to secure the title which would be their due.

These facts are recited because they indicate the very apparent fact that by this judgment the vendor is acquiring all the benefits of an action in specific performance without pleading a performance of those things necessary to obtain specific performance and without affording the vendee the perfect protection that a court of equity would provide in an action to specifically perform. **Page on Contracts, Section 3219** says:

(Here follows quotation)

The difficulties suggested arise thru the attempt of the vendor to collect the purchase price at law. Isolated cases may be found where the vendor has been sustained in his attempt to recover the purchase price, but the rule is to the contrary. In **Colson v. Shurman, 197 N. W. 674, 35 A. L. R. 924,** the Nebraska Supreme Court says:

(Here follows quotation)

The Iowa Supreme Court in **Prichard v. Mulhall, 127 Iowa 545, 4 Ann. Cas. 789,** says:

(Here follows quotation)

And the editor of the Annotated Cases in the note on that case says:

(Here follows quotation)

While the identical question has not been passed upon in this state the principle has been recognized. In **Dayton, etc. Turnpike Co. v. Coy, 13 Ohio St. 84,** the court questions whether an action can be sustained upon an executory contract for the sale of property where title has not passed.

Without multiplying authorities we conclude that while the plaintiff had an action in equity to specifically perform, which in practical effect would be a foreclosure or an action at law in damages, she had no action for the purchase price.

This opinion had proceeded to this point when on April 2, 1930, the opinion of the Supreme Court was haded down in **Will-O-Way Development Co. v. Mills,** in which that court holds that the vendor can not in an action of the kind now under consideration recover from the vendee the full purchase price provided for in a land contract without alleging tender of a deed of conveyance. The effect of this decision, of course, is to require reversal of the judgment now under review. In the Will-O-Way case the court was required to go no further because a final judgment had been rendered for the vendee in the trial court. In the case at bar, if we should go no further than was gone in the Will-O-Way case, we would only reverse the judgment herein and remand the same to the Court of Common Pleas, where it is possible that the petition might be amended setting up a tender. This would likely require a second review of the case. If, however, we adhere to the veiw already arrived at as expressed above, that with or without a tender of conveyance an action does not lie by the vendor to recover at law the purchase price of his contract, this court must not only reverse the judgment below but dismiss the petition. This we do with even more confidence since the doctrine involved is set forth in **Prichard v. Mulhall, supra,**

and that opinion is given express approval by our Supreme Court in the Will-O-Way opinion.

The judgment of the Court of Common Pleas is reversed, and coming to render the judgment that that court should have rendered the petition of the plaintiff is dismissed.

Middleton, PJ., and Blosser, J., concur.