## FAIRLAWN HEIGHTS CO. v THEIS

Ohio Appeals, 9th Dist, Summit Co

No 2871. Decided June 11, 1937.

Slabaugh, Seiberling, Huber and Guinther, Akron, for appellee.

Charles D. Evans, Akron, for appellant.

By STEVENS, PJ.

This cause is before this court on appeal on questions of law. Reference will be made to the parties as plaintiff and defendant.

The petition filed in the Court of Common Pleas set out an action at law seeking the recovery of the entire purchase price agreed to be paid to plaintiff by the defendant under a contract in writing for the purchase by defendant, and the sale by the plaintiff to him, of a certain parcel of real estate known as lot No. 144, Plot E, of Fairlawn Heights Co.'s allotment. It will be observed that no equitable cause of action was attempted to be pleaded, and no cause of action for the recovery of damages for breach of the contract between plaintiff and defendant was set up in said petition.

The answer of the defendant denied generally the allegations of the petition, after first admitting the execution of the contract sued upon, and the making by the defendant of numerous payments thereunder; and, by way of further defense, the answer set up a failure upon the part of the plaintiff to comply with certain provisions of the contract with reference to the making of improvements in said allotment upon the street in front of the lot

contracted to be purchased by defendant, and also denied that any proper tender of a deed showing said premises to be free and clear of all encumbrances had been made by plaintiff to defendant prior to the installation of the action under consideration.

The matter was submitted to a jury in the trial court, which jury returned a verdict in favor of the defendant. Plaintiff thereupon duly filed a motion for a new trial, and, contemporaneously therewith, a motion in arrest of judgment with an application that final judgment be entered for the plaintiff.

Upon consideration of said motions, the trial court overruled the motion for a new trial, but entered an order sustaining plaintiff's motion in arrest of judgment, setting aside the verdict of the jury, and rendering judgment in favor of the plaintiff for the amount sought to be recovered in said petition. It is to reverse the judgment so entered that the matter comes into this court for review.

It should be remembered that the purchaser did not take possession of, or in any wise encumber the land, and that the seller still has possession of the land unaffected by anything done by the purchaser, and while this is an action at law, it is not one to recover damages for a breach of the contract; likewise it is not an action for specific performance and it has no equity features whatsoever.

For reasons best known to the seller, it is seeking to obtain the benefit of specific performance in an action purely at law, and at the same time deprive the purchaser of the defenses he could urge if the action were for specific performance.

The granting of specific performance rests in the sound judicial discretion of the chancellor. In the exercise of its discretion, the court may refuse to grant specific performance of a hard and unreasonable bargain, or where damages for a breach would operate to give a party the full measure of redress which he ought to have, or where equities exist which would render it unjust to grant specific performance, such as where the condition of things has materially changed so as to render the contract hard and destitute of all equity.

The form of action chosen, whether designedly or not, did, in this case, not only prevent the purchaser from raising such issues, but it apparently caused the judge to forget his character as chancellor, for he not only set aside the finding of the jury in favor of the purchaser but rendered a final judgment in favor of the seller, which judgment gave the seller all that the seller could have obtained in a specific performance action.

The case of **The Will-O-Way Development Co v Mills, 122 Oh St, 242,** is authority for the following:

"Upon default being made by a vendee of a land contract, the vendor cannot in an action upon the contract recover from his vendee the balance due upon the full purchase price stated therein, without alleging tender of the deed of conveyance."

The contract sued upon in the instant case required the delivery by plaintiff to defendant of a deed for the premises contracted to be sold and purchased, conveying said premises free and clear of all encumbrances.

The record herein shows said premises to have been subject to a mortgage, covering this and other property, in the sum of $200,000, which mortgage was originally executed by the Fairlawn Heights Co. to Guarantee Title and Trust Co., and thereafter assigned by said trust company to W. H. Kurtz, R. Bruce Whitney and Wm. F. Davis, described as "Noteholders Protective Committee." The assignment accomplishing the transfer of said mortgage to said individuals is not made a part of this record.

When the alleged tender to defendant of a deed for said premises was made by counsel for plaintiff, it is claimed by plaintiff that said deed, together with a deed from the First-Central Trust Co., Trustee, to plaintiff (to which trust company said premises had theretofore been conveyed in trust), and a release of mortgage releasing the premises contracted to be sold from the lien of said $200,000 mortgage, were tendered to defendant, and that he refused to accept the same and stated that he did not want the property.

The release of mortgage was signed by but two of the three individuals to whom said mortgage had been assigned. In the absence of further evidence than is contained in this record, this court is of the opinion that said assignment was not sufficient to release the lot in question from the lien of said mortgage, having been signed by but two of the three individuals who were the assignees of said mortgage. We, therefore, conclude that said tender was not the tender of a deed

of conveyance in conformity to the provisions of the contract, and plaintiff was and is precluded from recovery herein by reason of its failure to tender a proper deed.

But in the opinion of the court that is not the only ground requiring a reversal of this case.

The Supreme Court of Ohio has not squarely passed upon the question of whether or not an action at law may be maintained by a vendor for the recovery of the entire purchase price agreed to be paid under an executory contract for the sale and purchase of real estate, after breach by the vendee because of nonpayment of specific installments. It has been argued herein that, by inference, the Supreme Court, in the syllabus of the Will-O-Way Development case, supra, has indicated its approval of such an action. However, it will be observed that in the opinion in said case, express approval is given to the case of Prichard v Mulhall, 127 Iowa 545; the second syllabus of which reads as follows:

"2. Upon the breach by a vendee of an executory contract for the sale of land, the vendor's remedy is an action in specific performance or at law for damages, and an ordinary action for the recovery of the purchase price will not lie."

A case involving a situation entirely comparable to that under consideration in the instant case is **Rowland, Admr., v Stout, Exrx., 8 Abs 376**, wherein it is stated:

"With or without a tender of conveyance, an action does not lie by the vendor to recover, at law, the purchase price of his contract."

It must be conceded that there are two distinct and divergent lines of authority upon the question under consideration, but after an exhaustive investigation and consideration of these authorities, this court is inclined to the opinion that the more sound and better reasoned cases hold with the rule announced in the case of Rowland v Stout, supra.

If we are correct in our conclusion upon the first point considered herein, namely, that there was no proper tender of a deed by plaintiff to defendant in conformity with the pr— —ns of the contract, it then follows that there was error in the charge of the trial court when it stated to the jury that the three documents, hereinabove referred to, tendered by plaintiff to defendant 'would, if accepted by the defendant, have conveyed to the defendant the lot in question, in compliance with the terms of the contract."

It is ordinarily the rule of contracts that a party to a contract may breach his contract, and respond in damages for such breach; and this court is of the opinion that no different measure of recovery pertains with reference to an executory contract for the sale and purchase of real estate, in an action at law instituted by the vendor against the vendee, growing out of the breach of such contract by reason of the default of the vendee in making payments in compliance with the provisions thereof.

We are clearly of the opinion that the trial court erred in its charge, and in concluding as a matter of law that the release of the mortgage in question effectively released said mortgage from the premises contracted to be conveyed.

Inclining, as we do, to the opinion that the vendor may not maintain an action at law to recover the entire purchase price of real property, after breach by the vendee in an executory contract for the sale and purchase thereof, we conclude that the petition in the instant case failed to state a cause of action, and that the objection interposed by the defendant to the introduction of any evidence by plaintiff should have been sustained.

The judgment is therefore reversed, and this court, proceeding now to enter the judgment which the trial court should have rendered, orders that final judgment be entered for defendant, dismissing plaintiff's petition at its costs.

WASHBURN, J., and DOYLE, J., concur in judgment.