GRANT A. BOWEN v. S. P. BAILEY AND WIFE.

1. VENDOR AND VENDEE: COVENANTS INDEPENDENT WHEN PURCHASE-MONEY PAYABLE IN INSTALMENTS.—When the vendee of land agrees to pay the purchase-money in instalments, and the bond for title of the vendor is conditioned to make title upon the payment of the last instalment, the covenants are independent, and the vendor may enforce payment without performance or a tender of performance of his covenant. *McMath* v. *Johnson*, 41 Miss. 439.

APPEAL from the Chancery Court of Washington county. Hon. Walker Brook, special chancellor.

In November, 1856, Sarah Bailey, then Griffith, and Richard Griffith, her husband, sold to appellant a tract of land in Washington county. Appellant, Bowen, to secure the purchase-money, executed his four promissory notes, payable in one, two, three, and four years after date, each for the sum of $3505. Sarah Bailey, jointly with her then husband, by her title-bond, properly signed, sealed, and acknowledged, bound herself to execute and deliver to Bowen a deed in fee-simple, with covenants of general warranty, " when the said Bowen pays the notes aforesaid."

Bowen having failed to pay the notes in full, in October, 1866, appellees filed their bill in the court below for a specific performance of the contract. The bill states the contract as

above set forth, that the notes have not been paid in full, that she has a fee-simple title to the land, that she has always been ready and willing to execute and deliver a good and sufficient deed to appellant upon his paying the purchase-money, and tenders with her bill a deed, properly acknowledged and stamped, which is to become operative upon the payment of the purchase-money.

Appellant demurred to the bill, and assigned the following causes :

1. There is no equity on the face of the bill.

2. The bill does not aver or show that a deed was tendered by complainants to defendant before the filing of the bill.

The demurrer was overruled at the February Term, 1867; leave given to answer, which was declined; the bill taken for confessed, and a final decree for sale of the land. The defendant in the court below appeals, and assigns for error in this court, the action of the court below in overruling the demurrer to the bill.

*Nugent & Yerger*, for appellant, contended that the covenants were dependent. The vendor agrees to make title " (when) upon the payment of the notes," showing that payment and making title were concurrent acts. The fact that the purchase-money was payable in instalments cannot change the interpretation of the contract. The notes, considered *by themselves*, constitute a separate and independent contract, and could have been sued upon. But when a bill for specific performance of an agreement is brought, the case *is entirely different*. By an observance of this distinction can the apparently conflicting opinions of the court be reconciled. The notes in this case were *all due;* the purchase-money unpaid was all due; and there could scarcely a point be made that would take the case out of the operation of the rule laid down in *Klyce* v. *Broyles.* Bowen agreed to pay so much money, and Mrs. Bailey agreed to make a deed *when* the money was paid. Could Bowen have *insisted* on a specific performance without a payment or tender of the purchase-money ? If not, neither·

could Mrs. Bailey, until she tendered a deed. Bowen did not agree to pay the money entire without a deed: when he paid or tendered it, he had a right to a deed.

The case of *Eckford* v. *Halbert* decides that in agreements similar to the one in controversy the covenants *are* mutual and dependent; and the case of *Klyce* v. *Broyles* settles the doctrine, that when covenants are dependent there *must be* a tender of the deed prior to the institution of the suit.

But if the question were at all an open one, and we were compelled to resort to foreign decisions for an adjudication in point, the case of *Bank of Columbia* v. *Hayner*, 1 Peters, U. S. S. Court Rep. 455, leaves no room to quibble. In that case the Bank agreed to make full title *when* the purchase-money was paid, and Hayner agreed to pay the money in *six* quarterly instalments. If the reasoning of the court below prevail, their covenants were not mutual and dependent, because the money was payable in instalments; but the Supreme Court of the United States did not so understand the law. The court says: "In contracts of *this* description, the undertakings of the parties are *always* considered dependent, unless a *contrary* intention *clearly* appears. A different construction would, in many cases, lead to the greatest injustice, and a purchaser might have payment of the consideration money enforced upon him, and yet be disabled from procuring the property for which he paid it." The reason for the rule is so accurately stated, that one quotation will suffice: "The seller ought not to be compelled to part with his property without receiving the consideration; nor the purchaser to part with his money without an equivalent in return. Hence, in such cases, if either a vendor or a vendee wish to compel the other to fulfil his contract, he must make his part of the agreement *precedent*, and cannot proceed against the other without an actual performance on his part, or a tender and refusal."

Mrs. Bailey sold Bowen fourteen hundred acres of land at ten dollars per acre. Bowen has paid her twelve thousand dollars, or the purchase-money of some twelve hundred acres. Would the appellees admit of such a construction of the con-

tract as would compel them to make Bowen a deed to the land paid for? Certainly not; and why? Because the contract for the sale of the land was an entire contract, and the covenant to make title was dependent upon the payment of all the notes. This being the case, it would reasonably appear that the payment of the purchase-money was dependent on the making of a deed. If this is the true construction, the decree overruling the demurrer should be reversed, and the bill dismissed.

*Johnston & Johnston,* for appellees, commented upon the following cases: *Klyce* v. *Broyles,* 37 Miss. 524; *Eckford* v. *Gates,* 30 ib. 273; *Walton* v. *Wilson,* 30 ib. 576; *Prophet* v. *Robinson,* 31 ib. 141; *Arthur* v. *Pierson,* 32 ib. 133; *Hill* v. *Wadlington,* 31 ib. 307; *Johnston* v. *Jackson,* 27 ib. 498; *Standifer* v. *Davis,* 13 S. & M. 48; *Feemster* v. *May,* 13 ib. 275; *Mobley* v. *Keyes,* 13 ib. 677; *Wadlington* v. *Hill,* 10 S. & M. 560; *Liddell* v. *Sims,* 9 S. & M. 596; *Johnston* v. *Beard,* 7 S. & M. 214; *Pegnes* v. *Mosby,* 7 S. & M. 340; *Hudson* v. *Watson,* 26 Miss. 357; and contended that the facts were essentially different from this case. Cited as applicable, *Clopton* v. *Bolton,* 23 Miss. 78; *Gilson* v. *Newman,* 1 How. 341; *Coleman* v. *Rowe,* 5 How. 160; *McMath* v. *Johnston,* 41 Miss. Rep.

SHACKELFORD, C.J., delivered the opinion of the court.

At the October Term, 1866, the appellees filed their bill in the Chancery Court of Washington county against appellant, and alleged therein that Mrs. S. A. E. Bailey, during the lifetime of her first husband, Richard Griffith, and together with him, made a contract for the conveyance of certain lands, on the 7th of November, 1856, with appellant, which land was owned by Mrs. Bailey, then Mrs. Griffith, in her own right. By this contract appellant was to make and deliver four promissory notes, each for the sum of $3505, maturing at one, two, three, and four years from date of the contract, and was further to pay these notes promptly as they matured.

Upon the payment of these notes Mrs. Bailey and her first

Grant A. Bowen *v.* S. P. Bailey and Wife.

husband, Richard Griffith, were then to make him a title to the land — a full warranty deed in fee-simple.

Under this contract appellant was put in possession of the land, and continues now to occupy and enjoy the same.

Appellant has failed and neglected to comply with his part of the contract, and said notes, or a large portion thereof, are still due and unpaid.

Mrs. Bailey avers that she has at all times been ready and willing to execute a deed to the land, as stipulated for in the contract, whenever appellant complied with his precedent obligation.

Appellees tender with the bill a deed to the land, and pray that the money due on the notes be decreed to be paid, and in default of payment that the land be sold for the payment of the notes.

The bond for sale and conveyance of the land, with the four notes of appellant, are made exhibits, and filed with the bill.

There was a demurrer to the bill. The grounds alleged are :

1. That there is no equity on the face of the bill.

2. The bill does not aver or show that a deed was tendered by complainants (appellees) prior to the filing of their bill, etc.

The demurrer was overruled, on the ground that the conditions of the contract were mutual and independent. Leave given to answer. At the November Term, 1867, a *pro confesso* was taken, and a final decree rendered, on proof, and commissioner's report for $12,772.10, ordering sale of the land to pay this sum.

From this decree the court granted an appeal to this court.

The error relied upon is, that the court erred in overruling the demurrer to the bill.

The only question involved in this assignment of error is, whether the covenants in the contract set out in the bill of appellees are mutual and independent, or dependent.

Counsel for appellant admit in their argument that "the notes, *considered* by *themselves,* constituted a separate independent contract, and that they could have been sued upon as they fell due;" but says, "when a bill for a specific performance of an agreement is brought, the case is *entirely different.*"

If the covenants of the contract were mutual and indepen-
dent, as counsel clearly admits, how are they changed when a
bill for specific performance of the contract is filed?

Counsel answer, that inasmuch as *all the notes had matured
before the institution of this suit,* that thereby the notes were
merged into one debt, and the case falls within the rule laid
down by this court in the case of *Eckford et al.* v. *Halbert et al.,*
30 Miss., and that the appellees should have placed appellant
" in default anterior to the filing of their bill." In the case of
*Eckford et al.* v. *Halbert et al.* there was but *one* note executed
by the vendee, and the vendor obligated himself to make title
when the purchase-money should be paid; the court holding in
that case, " that the covenants to make title, and to pay the
money, are concurrent," and that a tender of a deed to place
the vendee at fault before suit, was necessary.

We must dissent from the view taken by counsel of the effect
of the non-payment of the notes, when they became respectively
due, upon the covenants in the contract; if they are mutual
and independent by the terms of the contract in question, we
are unable to perceive by what process they can be· altered by
the default of the appellant in not paying them as they fell
due.

In support of this position of counsel, that the debt being all
due before the institution of the suit upon the contract, etc.,
the four notes were merged into one debt, and the covenants
thereby became mutual and dependent, we are cited to the
case of the *Bank of Columbia* v. *Hayner,* 1 Peters' S. C. Rep.
p. 455.

We have examined this case with care; it seems to favor this
assumption of counsel.

But upon a critical examination of the facts of the case, we
find that there was a question of great doubt whether there was
a contract at all upon which a suit could be founded.

The court saw proper to consider *there was a contract,* and
decided the case upon that assumption.

There was a sale by the Bank to Hayner of the lots, and the
purchase-money was to be paid in six quarterly instalments, for

which he would give his notes to the Bank if the Bank would give him a deed; and if the Bank preferred it, he proposed to pay in instalments, and take a bond for title when all the payments were made.

No part of the purchase-money was paid. There *was no bond for title, or notes executed.* The suit was at law upon the contract, *as understood* between the parties.

The court held that in contracts for the sale of lands the covenants should *be considered mutual and dependent,* as courts favored that construction, unless the contrary appeared from the contract; and they considered the contract before them *showed* the intention of the contracting parties that the covenants *should be mutual and dependent.*

The court holding that the Bank was bound to perform their correlative part of the proposition, by either making a title and tendering it to Hayner on the day when the last payment was considered due and payable, or by giving the bond for title, in accordance with his demand and the promise of the Bank.

It must have been on these grounds that the court held that the covenants were mutual and dependent, although Hayner had agreed to pay the Bank by instalments.

If this were not so, this decision is irreconcilable with the authorities cited in the case.

In the case under consideration, the parties to the contract have shown their intention clearly.

Bowen gave his four notes, payable in one, two, three, and four years, for the sum of $3505 each, and received the bond for title of appellee and her husband, Richard Griffith, when the purchase-money should be paid.

Bowen clearly manifested his intention to pay three-fourths of these notes to the vendors of the land, without requiring from them the performance of any condition precedent.

Appellant, as shown by the record, has paid part of the purchase-money to the vendors, thus furnishing indisputable evidence of his intention to pay his money without asking for or getting a title.

If this was not his first intention, he has failed to prove by his subsequent acts that it was not.

There can be no question regarding the character of the covenants in the contract under consideration; they are mutual and independent.

The facts of the case are similar to those in the case of *Clopton* v. *Bolton*, 23 Miss.

In that case an action at law was instituted upon the writings obligatory, payable in twelve and twenty-four months after date, given for the purchase-money of a tract of land. The defendant pleaded that fact, and that the plaintiff at the date of the contract executed and delivered to the defendant a bond to make title to the land when the purchase-money should be paid; and that the plaintiff did not, before the bringing of the suit, tender a deed to the defendant for the land.

The court expressly reaffirms the cases of *Gibson* v. *Newman*, 1 Howard, p. 341; and *Coleman* v. *Rowe*, 5 How. 460; and holds that, " as on the one part there were instruments for the payment of the purchase-money at several different periods, and on the other an obligation to make a title on full payment of the purchase-money, it is clear beyond doubt that the covenants were intended to be independent, and that the failure to tender the deed constituted no bar to the action."

The precise question involved in the case before us was again before the court in the case of *McMath* v. *Johnson*, 41 Miss. 439. In that case there were seven notes executed and delivered by the vendee to the vendor of the land and slaves, payable in seven annual instalments; and on the date of the notes and sale the vendor executed a bond and delivered the same to the vendee, conditioned that he would make a warranty title in fee-simple to the property purchased, so soon as the vendee should pay the notes or bonds as they fell due. All the notes were paid, except three, and a balance on one; leaving a balance of $5650 on the three notes past due and unpaid.

The defendant pleaded that the vendor did not nor had not made a good warranty title to defendant before the institution of the suit.

The court, after reviewing the previous decisions of this court on this question, again draws the distinction between dependent and independent covenants, holding that where the covenants are dependent the party seeking to enforce performance by the other must first perform, or tender and offer to perform, his own part of the agreement, and demand a performance by the other party, before he can bring an action at law or suit in equity against him. It is only sufficient in all such cases for the defendant to show that the covenant sued on was dependent upon another covenant, to be performed by the plaintiff, and this will throw upon the plaintiff the burthen of proving that he performed, or offered to perform, his own covenant before the commencement of the suit or action; for without such proof, the defendant was in no default, and no cause of action had accrued.

And if the covenants are independent, then each party relies on the covenants of the other party; no tender or offer of performance is required of either before resorting to an action, and neither can defeat the action of the other by showing a previous tender or offer of performance on his part, and demand of performance by the party suing.

This constitutes the main if not the only distinction between dependent and independent covenants, and is fully recognized in the decisions in the cases of *Coleman* v. *Rowe*, 5 How. 460; *Gibson* v. *Newman*, 1 How. 341; *Clopton* v. *Bolton*, 23 Miss. 78; which are reaffirmed by the decision in *McMath* v. *Johnson*, the court holding in *McMath* v. *Johnson* that the covenants of the contract were independent.

The facts of the case before us are scarcely distinguishable from those of the case of *McMath* v. *Johnson;* in both cases all the notes given for the purchase-money had matured *before suits were instituted upon the notes.*

Recognizing and adhering to the doctrine, as finally laid down in *McMath* v. *Johnson*, we think the demurrer to the bill of appellees was properly overruled by the chancellor, and the decree should not be disturbed.

The question involved in this case having undergone repeated and thorough investigation by this court, we think it ought now to be considered decisively settled, in this State at least.

Let the decree be affirmed.

