JOHN H. PASCHAL v. H. F. BRANDON, Adm'r, and others.

*Parties—Action for Purchase Money of Land.*

1. A vendor of land can not maintain a suit for the purchase money without first tendering a good and sufficient title to the vendee.

2. If the vendee die before payment of the purchase money, the deed should be tendered to the heirs, and they should be parties defendant to a suit for the price of the land.

(*Hutchinson* v. *Smith*, 68 N. C. 354, cited and approved.)

PASCHAL *v.* BRANDON.

CIVIL ACTION tried at Fall Term, 1877, of CASWELL Superior Court, before *Buxton, J.*

The plaintiff brought this action to recover the purchase money for land alleged to be due him by the defendants, Elisha Paschal, the intestate of defendant, and Elisha Sartain. It was admitted that defendant's intestate had paid the plaintiff the sum he was due him on account of the purchase, but had received no deed for his part of the land; and it was alleged that the defendant Elisha Sartain had not paid the sum due for his part thereof, the defendants being joint purchasers. After the death of Sartain, Brandon was also appointed his administrator, and the case was referred and an award made. Upon the coming in of the report of the referee, the heirs at laws of said Sartain were made parties defendant, and the award vacated. The heirs of Elisha Paschal were already defendants in this action. The Court held also that the plaintiff was not entitled to recover unless he made a proper deed for the land, and the plaintiff appealed. The case was argued in this Court by *Mr. J. W. Graham*, for plaintiff, and *Mr. Thos. Ruffin*, for defendants.

READE, J. It is too plain to need either argument or authority that the vendor of land is not entitled to recover the price until he tenders a good and sufficient title to the vendee. And whether the title tendered is good and sufficient is a question which the vendee has the right to contest with the vendor.

Elisha Sartain the vendee in the case before us is dead, and the vendor plaintiff sues the administrator of Elisha Sartain for the price. The plaintiff can not recover without tendering title. The title when tendered must be, not to the administrator, but to the heirs at law of Elisha Sartain. And of course they must be parties.

This is the only question before us, for it follows that the reference and award made when the heirs were not parties

must be set aside. When the heirs are made parties, if the administrator will not put in the proper defences to protect their rights, they must be permitted to do so.

When we had separate Courts of Law and Equity, if the plaintiff had sued at law for his claim, it would have required the intervention of the Court of Equity on the part of the heirs, but now all the rights of both parties both legal and equitable can be administered in this action. *Hutchinson* v. *Smith* 68 N. C., 354.

No Error. Affirmed.