WALTER G. HODGES v. TRUEHART MOORE.

[59 South. 827.]

1. VENDOR AND VENDEE. *Breach by purchaser. Remedies. Suit for price. Tender of deed. Necessity.*

Where a vendor executes to his vendee a bond for title cóntaining the provision that the "party of the second part hereby agrees that, if he fails to meet any payment within thirty days after the same is due, all payments are then due and payable, and unless paid, party of the second part forfeits all right, title, and interest in- and to the aforesaid lots or parcels of ground;" such a contract contains no agreement, either express or implied on the part of the vendor, to release the vendee from the payment of his notes upon the surrender of the land.

2. SAME.

While as a general rule where executory contracts of this character have been made, and all the installments of the purchase money are past due, the vendor's only remedy, when the purchaser declines to pay, is to recover at law whatever damages he has sustained by reason of the breach of the contract by the purchaser, or to obtain, in equity a specific performance of the contract, yet if the vendor or his assignee tenders with his declaration a good and sufficient deed to the land, the reason of the rule ceases and recovery can be had for the purchase price in an action at law.

3. SAME.

Where the purchaser would not have accepted a deed and paid the price, if it had been tendered, no formal tender is necessary, for the law does not require the doing of a vain thing.

APPEAL from the circuit court of Lauderdale county. HON. JOHN L. BUCKLEY, Judge.

Suit by Walter G. Hodges against Truehart Moore. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Ames & Dunn* and *C. D. Christian*, attorneys for appellant.

The first ground of defendant's motion for a peremptory instruction and the one which impressed the trial

court is contained in the following clause of the contract: "Party of the second part (defendant) hereby agrees that if he fails to meet any payments within thirty days after same is due all payments are then due and payable and unless paid party of the second part (defendant) forfeits all right, title and interest in and to the aforesaid lots or parcels of ground."

On the trial of this case defendant's counsel contended and was upheld by the court, that the language used in the clause quoted above, shows conclusively that the parties contracted with the understanding that if Mr. Moore (defendant) did not pay all or any part of the purchase price of the land, that Mr. McCain (Mr. Hodges' assignor) would accept the land in lieu of any amount that Mr. Moore might be due him.

I contend that by no reasonable construction of the language used can any such intention be inferred. And I contend further that while every promise contained in the clause was a promise made by Mr. Moore (defendant) and Mr. Hodges' assignor made no promise therein, the clause attempts to provide for a penalty and could not have been enforced against Mr. Moore and if it could not have been enforced against Mr. Moore then it cannot be available by Mr. Moore as a defense to a suit on the promissory notes.

The first rule for construing a written contract is to give effect to the intention of the parties. This intention must be arrived at from the language used. The language used in the above detailed clause of the contract says absolutely nothing from which we could infer the intention to release Mr. Moore from his liability on his notes in case he could not or would not pay the notes. It does not, as is alleged by defendant in his motion for a peremptory instruction, provide that the money which has been paid in at the time of the default or failure to pay the note shall be forfeited to Mr. McCain. The only forfeiture the contract provides for is a forteiture of the

land for which the notes were given and the contract says nothing about releasing the party of the second part from further liability in such a case. If the inference from the contract is that the party of the second part shall forfeit all of the money which he has paid in as well as the land, why is it not just as reasonable to say that the inference is that the party of the second part shall forfeit the entire purchase price as well as the land for we can readily imagine the case to be that the party of the second part had paid all of the purchase price except twenty dollars. If the language of the parties did not mean that money already paid in should be returned to the party of the second part then it does not mean that the unpaid notes of the party of the second part shall be rendered null and void.

The vendor of this land had been to much expense in plating, advertising and selling this land and of course he was in the business to make money and was not engaged in philanthropy. I say that the inference contended for by counsel for defendant is not in the language and I say furthermore that the very language used by Mr. Moore in this clause is not binding on him.

It is a rule of law that parties cannot by contract provide for a penalty for a breach thereof and where they do so provide the party making default can defeat a suit brought for the collection thereof. I take it there is no difference between a penalty for a sum of money or whether it be for a piece of property so long as the value of same is fairly determined in advance.

Mr. Lawson in his admirable work on Contracts, second edition, page 562, lays down the rule for determining whether parties contracted for liquidated damages or a penalty to be: If the contract is for a matter of certain value and a sum is fixed to be paid on breach of it which is in excess of that value, then the sum is a penalty and not liquidated damages.

The subject-matter of this contract was a piece of land worth four hundred dollars and the parties provided by

contract that for the nonpayment within thirty days of the day of maturity of any one of the twenty dollar notes on the part of the party of the second part that he should immediately without anything further being done forfeit the land worth four hundred dollars. Let us suppose that the party of the second part had made every payment except the last one of twenty dollars and that the last note for twenty dollars had been past due one minute beyond the thirty days, then according to the language used by the party of the second part would have forfeited this valuable piece of land for the nonpayment of a very small sum. Clearly no court would have enforced this contract as written and the case falls within the test as laid down above. See *Coker* v. *Brevard,* 90 Miss. 64 and *Bright* v. *Rowland,* —— How. 412-416.

*Bright* v. *Rowland* is very much, in priciple, like the case at bar. In that case Rowland agreed to sell Bright land for seven thousand, one hundred and seventy dollars, corn four hundred and four dollars and twenty-five cents and five stacks of fodder at one dollar and twenty cents per hundred. Bright agreed to pay for the land as follows: Two thousand, four hundred dollars on the first of January next ensuing the date of the contract and the balance in two equal annual installments from that time, the payments to be secured by promissory notes and a deed of trust on the land. At the time fixed for the payment and exceution of the deed of trust and note Rowland was to make a warranty deed. The parties further agreed that if either of them fail to perform his part of the agreement then he would pay to the other party the sum of five thousand dollars by way of liquidated damages and not as a penalty.

Bright did not pay or execute the notes as per his agreement and Rowland tendered him a deed to the property.

Mr. Chief Justice SHARKEY delivered the opinion of the court held that the parties had contracted for a pen-

alty and not liquidated damages. He cited the. well-known case of *Temble* v. *Farren* and bottomed his opinion on the fact that (as in the case at bar) that the great sum of five thousand dollars might have been forfeited in consequence of the nonpayment of a very small sum. In discussing the case of *Kemble* v. *Farren* which is the old and familiar case of the actor and the proprietor of a theatre, he says : The two cases (meaning also the one of *Bright* v. *Rowland,* are not distinguishable in principle. The plaintiff in error was to pay two thousand, four hundred dollars for the nonpayment of which. the defendant in error claims five thousand dollars. The covenant on which suit is brought is certain as to plaintiff in error Bright and although covenants of the defendant in error Rowland were uncertain, it does not vary the rule. This was also the nature of the case cited and the suit was actually brought for the nonperformance of an uncertain covenant and still the rule was properly applied, because mutual covenants must be mutually binding on both parties and where they are not obligatory on one they are not on the other. The same rule is also recognized in the case of *Dennis* v. *Cummings,* 3 John's Cases (N. Y.) 211, 2 Am. Dec. 160, and also in the case of *Gray* v. *Crosby,* 18 John's Rep. (N. Y.) 219, in which the further distinction was taken that liquidated damages must be in lieu of a performance of anything that is covenanted to be done and operates as a discharge of the covenant in all cases where they can be recovered. Admitting then that the defendant in error could recover the stipulated damages in this case, would such recovery discharge the plaintiff in error from his covenant? It is by no means certain that it would but this question need not now be discussed.''

The very point raised in the above opinion which I have underscored woud seem to me to arise in the case at bar. If it be admitted that the clause in the Moore-McCain contract providing for a forfeiture would be

binding on Moore, it is by no means certain that the forfeiture of the land would relieve him of his obligation to pay the notes, under the language used. There is absolutely nothing said in the contract to that effect and I can see no inference from the language used that would warrant us in supposing that such was the intention of the parties. Now if these parties have provided for a penalty, and I cannot see the matter in any other light, this clause of the contract was not binding on either party. And if it was not binding on Truehart Moore consequently the liability thereunder cannot be claimed by Truehart Moore and used to defeat a suit on the notes by contorting the language used in the contract to mean something that is not expressed and not intended.

I have every confidence that this learned Court will readily see that there was no ground in this case for peremptory instruction.

*Fewell & Cameron,* for appellee.

This was an executory contract and the following statement of the law should put to rest all argument as to the right of the vendor or his assignee to sue at law for the purchase price of the land: "If the contract be executory and the purchaser fails to make payment at the time fixed, it would seem that no action for the purchase price should lie at law. The vendor should either treat the contract as repudiated and recover whatever damages he has suffered in an action for the breach of contract, or if he would insist on performance, go into equity and secure specific performance; and such seems to be the law." 19 Am. & Eng. Ency. Law, 720, and cases cited thereunder.

If this had been an executed contract an action would lie for the purchase money. *Washington* v. *Soria,* 73 Miss. 665.

The terms of the contract are exclusive as to the rights of either party threto and when appellee failed

to make payments as required, he forfeited all right, title
and interest in and to the aforesaid parcels or lots of
land.

We desire to quote the syllibi of the case of *Allison*
v. *Dunwody,* 100 Ga. 51, 28 S. E. 651, as conclusive of
the proposition in hand and as a case directly in point:

''Where it was agreed that, upon the failure of the
vendee to pay the balance of the purchase price of the
land, the vendor should have the right to re-enter and
take possession of the land, and to retain the sum al-
ready paid by the vendee, as liquidated damages for the
latter's failure to complete the purchase, no action will
lie for the balance of the purchase price, it not appearing
that at the time of the vendee's refusal to pay the same
he was in possession of the land, or in any way resisted
the vendor's re-entry.''

The opinion in the above case is much stronger than
the above excerpt indicates and we ask the court's atten-
tion to the same when considering the case at bar.

In case at bar, we insist that the parties' rights and
remedies were fixed by the contract and that they are
exclusive.

In short, under the contract when Moore failed to pay,
he forfeited all right, title and interest in and to the
land and the same remained as of before the making of
the contract, as was and is conceded by the appellee.

We humbly submit that the lower court was correct
in sustaining appellee's motion for a verdict.

SMITH, C. J., delivered the opinion of the court.

On June 28, 1910, appellee purchased from Mr. Joe
McCain certain land in Lauderdale county, Miss., agree-
ing to pay therefor the sum of four hundred dollars in
nineteen installments, executing his promissory notes
covering same. Thereupon McCain executed and de-
livered to him a bond for title, wherein he covenanted to
execute to defendant a warranty deed to the property

when all of these notes should be paid in full. This bond for title, which was signed by both parties thereto, contained the following clause: "Party of the second part hereby agrees that, if he fails to meet any payment within thirty days after same is due, all payments are then due and payable, and, unless paid, party of the second part forfeits all right, title, and interest in and to the aforesaid lots or parcels of ground." These notes were afterwards assigned to, and are now the property of, appellant, who, default having been made in the payment thereof, instituted this suit in order to collect them, alleging that appellee had indicated to him that he would decline to accept a deed, should same be tendered to him, and tendering with his amended declaration a duly executed warranty deed conveying the property from Mc-Cain to appellee. Appellant introduced evidence showing that he was the owner of the notes, and that only the sum of twenty dollars had been paid thereon. This evidence, on motion of appellee, was excluded, the jury peremptorily instructed to find for him, and there was a verdict and judgment accordingly.

Appellee seems to seek to uphold the judgment rendered in the court below upon two grounds: First, that by virtue of the clause in the bond for title hereinbefore set out appellant's only remedy is to take possession of the land, which appellee states he is perfactly willing for him to do; and, second, that, if mistaken as to this first ground, since this is an executory contract, no action for the purchase price of the land will lie, appellant's only remedy being a suit at law to recover whatever damages he has suffered on account of the breach thereof by appellee, or to enforce its specific performance in equity.

With reference to appellee's contention, it will be sufficient to say that this contract contains no agreement, either express or implied, on the part of the vendor, to release appellee from the payment of his notes upon the surrender of the land. It may be that appellant, as

assignee of the notes, has the right to re-enter upon the
land because of the failure of appellee to pay them, as
to which we express no opinion, for the reason that he
is not attempting to exercise any such right.

In most states the rule seems to be, as contended by
appellee, that where an executory contract of this charac-
ter has been made, and all the installments of the pur-
chase money are past due, the vendor's only remedy,
when the purchaser declines to pay, is to recover at law
whatever damages he has sustained by reason of the
breach of the contract by the purchaser, or to obtain in
equity a specific performance of the contract. An ex-
amination of the cases so holding will disclose that the
reason for this rule is that the vendor will not be per-
mitted to retain title to the land and at the same time
recover the purchase price thereof.

It would seem, therefore, that if the vendor, or, as in
this case, his assignee, tenders with his declaration a
good and sufficient deed to the property, the reason for
the rule has ceased, and consequently the rule should
cease; for, in that event, should the purchaser be com-
pelled to pay, he will receive the deed which the vendor
obligated himself to deliver. It has been the uniform
practice in this state to proceed at law to collect the pur-
chase price upon breach of contracts of this character,
as will be disclosed by an examination of the following
cases: *Gibson* v. *Newman,* 1 How. 341; *Coleman* v.
*Rowe,* 5 How. 460, 37 Am. Dec. 164; *Clopton* v. *Bolton,*
23 Miss. 78; *McMath* v. *Johnson,* 41 Miss. 439; *Bowen*
v. *Bailey,* 42 Miss. 405, 2 Am. Rep. 601.

The doubt which the court seems at times to have en-
tertained with reference to this matter simply related
to whether or not it was necessary for the vendor, before
instituting suit, to put the purchaser in default by ten-
dering, or showing a legal excuse for not tendering, to
him a deed to the land agreed to be conveyed. This
doubt was set at rest by the case of *Robinson* v. *Har-*

*bour,* 42 Miss. 795, 97 Am. Dec. 501, 2 Am. Rep. 671, wherein it was held that this must be done, overruling former cases holding otherwise.

In the case at bar no deed was tendered to appellee before suit was instituted, but it abundantly appears that he would not have accepted a deed and paid for the land, had one been tendered him; consequently, no formal tender of a deed was necessary, for the law never requires a man to do a vain and useless thing.

The motion of the appellee to exclude the evidence should therefore, have been overruled, and, consequently, the judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*