*244
 
 Allen, J.
 

 May a vendor, upon default being made by the vendee of a land contract, bring an action at law upon the contract for the recovery of the balance of the full amount agreed in such contract to be paid by the vendee, and recover a personal judgment against the vendee for such balance, without alleging and proving tender of a proper deed of conveyance to the vendee?
 

 The plaintiff in error urges that the agreement to pay the purchase price constituted an express promise to pay a definite sum of money at a fixed time, and that since the vendee failed to pay, an action lies, without tender of the deed, against the vendee to recover the amount of money due and unpaid, according to the express terms of the contract.
 

 The contract contains the usual acceleration clause, so that the full amount is now due. The vendee has not taken possession, and hence the plaintiff in error claims that the contract is executory, and the promise of the purchaser is independent of any agreement to convey.
 

 The plaintiff in error cites no decisions from any courts of last resort in support of its contention. On the other hand, it is the general rule that where a conveyance is to be made on payment, and payment is to be made in installments, an action for the purchase price, or for a sum which includes the last installment, should show the tender of a deed. The decisions upon this point are gathered together in 35 A. L. R., 115, which cites cases from some fifteen courts of last resort supporting this doctrine.
 

 To the same effect is
 
 Prichard
 
 v.
 
 Mulhall, 127
 
 Iowa, 545, 103 N. W., 774, 4 Ann. Cas., 789, which held:
 

 
 *245
 
 “1. Assuming that upon breach of an executory contract for the sale of land the vendor may bring an action at law to recover the purchase price, it can only be maintained on a tender and production in court of a proper deed of conveyance for the use of the vendee.
 

 “2. Upon the breach by a vendee of an executory contract for the sale of land, the vendor’s remedy is an action in specific performance or at law for damages, and an ordinary action for the recovery of the purchase price will not lie.”
 

 In
 
 Jones
 
 v.
 
 Tschetter
 
 (1923), 46 S. D., 520, 194 N. W., 839, the syllabus states: “Even' though a contract for the sale of land gave the vendor the right to elect to continue the contract in force after the purchaser’s default, the vendor was not thereby entitled to recover the purchase price specified in the contract, especially where he did not tender performance, but his remedy was either in equity for specific performance, at law for damages for breach of contract, under Rev. Code 1919, Sec. 1971, or for strict foreclosure under section 2914.”
 

 In
 
 Walsh
 
 v.
 
 Coghlan,
 
 33 Idaho, 115, 190 P., 252, it was held: “A vendor who retains title to real property as security for the payment of the purchase price which, according to the contract of sale, was to be paid in installments, whereupon he was to convey the property to the vendee and furnish an abstract showing clear title, is not in position, when all unpaid installments. are due, to demand a forfeiture of the vendee’s interest, or to maintain an action for the purchase price, without tendering the deed and abstract.”
 

 Dubois
 
 v.
 
 Andrews,
 
 57 Okl., 227, 152 P., 440, is a
 
 *246
 
 direct authority to the effect that the covenants in this case are mutual and dependent. It holds as follows in the syllabus: “Where a contract is made to convey land upon payment of the purchase money, the covenant to convey and the one to pay are mutual, dependent covenants, and after the entire purchase money is due, an action to recover it cannot be maintained unless the plaintiff offers to convey or tenders a deed for the land upon full payment of the purchase price.”
 

 There is some conflict in the decisions upon the question whether the covenants are dependent or independent.
 
 Benjamin
 
 v.
 
 Savage,
 
 154 Minn., 159, 191 N. W., 408, 35 A. L. R., 97. However, we do not consider that the promise to pay on the part of the defendant in error in this case is independent of the agreement upon the part of the vendor to convey. Under the contract, when the final installment of purchase money has been paid, the vendor is to cause the land to be conveyed to the vendee by warranty deed. This makes the agreement to pay the purchase money dependent.
 

 Hence it follows that the municipal court was correct in sustaining the demurrer to the petition.
 

 Judgment of the Court of Appeals affirmed.
 

 Judgment affirmed.
 

 Kinkade, Robinson, Jones, Matthias and Day, JJ., concur.
 

 Marshall, C. J., dissents.