**GRONER et v**
**KISSELL IMPROVEMENT CO**
**O'BRIEN v KISSELL IMPROVEMENT CO**

Ohio Appeals, 2nd Dist, Clark Co

Decided May 5, 1933

J. B. Malone, Springfield, for plaintiffs in error.

Martin & Corry, Springfield, and John C. Durfey, for defendant in error.

## OPINION

By HORNBECK, PJ.

The action of plaintiff proceeds as one at law for money due. The defenses asserted, except that which avers that there is no contract, are equitable. The relief sought is a bar to the recovery of plaintiff. There is no doubt that the action for the plaintiff for intermediate installments, and the other amounts prayed for, is predicated upon express terms of the contract, agreed to by the parties as representative of their purpose. If we accede to the claim of defendants that plaintiff has misconceived its cause of action, then we are requiring the plaintiff to do something other and different from that which the defendants, by contractual pronouncement, consented that it should do. The defenses asserted, in view of the pleadings, as found at the time of trial, disclose no injustice resulting to defendants by a judgment for plaintiff. The issues drawn upon the cause of action of plaintiff were submitted to the trial judge without the intervention of a jury, and he was thus given full latitude to accord to the defenses asserted all the consideration that could be given to them, either in law or on the chancery side of the court.

It is claimed that there is a variance in the cause of action stated in the petition and the one appearing by the reply. We do not so view the standing of the plaintiff, upon the pleadings. The plaintiff proceeds in its petition upon the theory of an action at law to recover specific payments due by the terms of a written contract. The defenses interpose issues (1) relating to future contingencies, wherein the plaintiff might refuse to execute and deliver its deed per contract; (2) that there had been no meeting of the minds upon certain restrictions which were to be incorporated in the contract. The first defenses were equitable in character. Responsive thereto, the plaintiff, to meet the so-called equities of defendants, tendered a deed to be delivered when the terms of the contracts as to payments had been met by defendants, and also proposed to include all those restrictive covenants for which defendants were contending within the restrictive covenants of the deed. In our judgment, this was proper pleading. Upon the defenses asserted, it would not be a variance for the plaintiff to concede all the equities contended for

by the defendants, though there may have been a dispute as to whether they were entitled to them by the strict terms of the contracts between the parties.

We perceive no reason whatever why the trial court should not have accorded to the plaintiff the right to a money judgment for the independent intermediate installments due on the contracts, together with other payments specifically agreed upon by defendants, though defendants were not in possession of the premises. To hold otherwise would abrogate the right of individuals to determine the subject-matter of a contract and the terms and conditions thereof.

This right is obviously within the law unless a different determination is required by the two Ohio cases cited by counsel for defendants, namely, **Rolland, Admr. v Stout, Exrx, 8 Abs, 366,** and the **Will-O-Way Development Co. v Mills, 122 Oh St, 242, 171 NE 94.** The syllabus of the latter case is: "Upon default being made by a vendee of a land contract, the vendor cannot in an action upon the contract recover from his vendee the balance due **upon the full purchase price stated therein,** without alleging tender of the deed of conveyance." (Black face ours.)

In the cited case, one of the basic facts upon which determination was made was that the vendor was undertaking, by an action at law, to recover the full amount due from the vendee on a land contract, without alleging and proving tender of a proper deed of conveyance to the vendee. The court, by Judge Allen, stating the general rule, says, at page 244: "Where a conveyance is to be made on payment, and payment is to be made in installments, an action for the purchase price, or for a sum **which includes the last installment,** should show the tender of a deed"—citing 35 A. L.R., 115.

The same distinction to which we have called attention is found in Rolland, Admr. v Stout, Exrx., supra. We observe no conflict in the law of these cases and the theory of the trial court in the decision and judgment in the instant case. Authority for the action as it proceeds is found in 27 Ruling Case Law, 611, §365: "Where the contract is executory and the promise of the purchaser to pay the purchase money is independent of the vendor's agreement to convey, an action will lie for the unpaid and overdue purchase money though there has been no conveyance or offer to convey on the part of the vendor."

Cases supporting the principle are collated in an annotation in 35 A.L.R., 108. Our specific question is found at page 121 of 35 A.L.R., where this rule is laid down: "Where a conveyance is to be made on payment of all the installments, and all are not due, an action on an intermediate installment may be maintained without averring a tender of a deed." No cases opposing the proposition as stated are cited. The judgment of the trial court will be affirmed.

Judgment affirmed.

KUNKLE and BARNES, JJ, concur.