Zimmerman, J.
 

 Opposing counsel agree that two remedies were available to the appellant, viz., an action to recover damages for breach of the contract, or an action for specific performance. But here the accord ends, counsel for appellant affirming and counsel for appellee denying the right of appellant to maintain an action on the contract for the balance of the purchase price remaining unpaid.
 

 An examination of the briefs filed in the case of
 
 Will-O-Way Development Co.
 
 v.
 
 Mills,
 
 122 Ohio St., 242, 171 N. E., 94, discloses that counsel in that case presented their argument on the main question of whether “upon default being made by vendee of a land contract, may the vendor bring an action at law
 
 *390
 
 upon, the contract for the recovery of the amount agreed to be paid by the vendee, and recover a personal judgment against the vendee in that amount?” This court decided the case by holding, as stated in the syllabus:
 

 “Upon default being made by a vendee of a land contract, the vendor cannot in an action upon the contract recover from his vendee the balance due upon the full purchase price stated therein, without alleging tender of the deed of conveyance.”
 

 Such holding rests essentially on the conclusion that the promise to pay and the agreement to convey were dependent. In the
 
 Will-0-Way case
 
 the contract provided:
 

 “If the second party * * * shall well and truly pay the full purchase money * * * at the time and in the manner above stipulated, then on the full receipt thereof, and not otherwise, * * * the said first party # * * shall cause the land aforesaid to be conveyed to second party by warranty deed.”
 

 In the instant case the contract provided:
 

 “A warranty deed conveying the property in fee simple * * * shall be delivered to the purchaser when the purchase price * # * [has] been fully paid. ’ ’
 

 Following the
 
 Will-0-Way case
 
 and accepting the recognized rule that in contracts for the sale and purchase of real property the undertakings of the respective parties are to be considered dependent unless a contrary intention clearly appears, we are of the opinion that in the present case the covenants to pay and to convey are dependent. 35 A. L. R., annotation at page 109; 27 Ruling Case Law, 455, Section 168.
 

 When covenants are dependent neither party can maintain an action on the contract against the other without averring and proving performance, or a tender of performance, on his part.
 
 Webb
 
 v.
 
 Stevenson,
 
 6 Ohio, 282; 6 Ruling Case Law, 861, Section 248.
 

 
 *391
 
 In a situation where dependent covenants are involved, the eases are in decided conflict as to whether an action at law for the purchase price by the vendor against the vendee can be supported. 40 Ohio Jurisprudence, 1118, Section 211.
 

 One line of authorities adopts the position that under an executory contract where the agreements to pay the purchase money and to convey are dependent, the vendor cannot maintain an action at law for the unpaid purchase price, even though he has tendered conveyance, but must sue for damages for breach of the contract, or invoke the equitable powers of the court by a suit for specific performance. The rationale of this mile apparently is that since the title to realty can pass only by deed, a recovery of the purchase price would leave the title in the vendor, thus allowing him to have both the land and the vendee’s money. See
 
 Laird
 
 v.
 
 Pim,
 
 7 Meeson & Welsby, 474;
 
 Maury
 
 v.
 
 Unruh,
 
 220 Ala., 455, 126 So., 113;
 
 Wood-Hoskins-Young Co.
 
 v.
 
 Dittmarr,
 
 102 Fla., 1000, 136 So., 710;
 
 Piper
 
 v.
 
 Cooper-Atha-Barr Real Est. & Mtg. Co.,
 
 113 Fla., 327, 151 So., 495;
 
 Prichard
 
 v.
 
 Mulhall,
 
 127 Iowa, 545, 103 N. W., 774, 4 Ann. Cas., 789;
 
 Old Colony R. Corp.
 
 v.
 
 Evans,
 
 6 Gray (72 Mass.), 25, 66 Am. Dec., 394;
 
 Freeman
 
 v.
 
 Paulson,
 
 107 Minn., 64, 119 N. W., 651, 131 Am. St. Rep., 438;
 
 Jones
 
 v.
 
 Tschetter,
 
 46 S. D., 520, 194 N. W., 839; 27 Ruling Case Law, 612, Section 366. Compare
 
 U. S. Installment Realty Co.
 
 v.
 
 DeLancy Co.,
 
 152 Minn., 78, 188 N. W., 212, 214.
 

 The above rule has met particular favor in those jurisdictions drawing a sharp distinction between actions at law and suits in equity.
 
 Thorp
 
 v.
 
 Rutherford,
 
 150 Ore., 157, 43 P. (2d), 907.
 

 On the other hand, a considerable number of courts have taken the- general position that the vendor in an executory contract of sale containing dependent covenants may maintain an action at law against the vendee for the balance due on the full purchase price,
 
 *392
 
 after tender of deed. In maintaining such action, however, he must keep his tender open with a deposit of the deed in court so that in the event of a favorable judgment the vendee may have conveyance of the property immediately upon satisfaction of the judgment.
 

 See,
 
 Amaranth Land Co.
 
 v.
 
 Corey,
 
 182 Cal., 66, 186 P., 765;
 
 Morris
 
 v.
 
 McKee,
 
 96 Ga., 611, 24 S. E., 142;
 
 Smith
 
 v.
 
 Independent School District,
 
 48 Idaho, 295, 282 P., 84;
 
 Thurman
 
 v.
 
 Alcott,
 
 235 Ill. App., 545;
 
 St. John
 
 v.
 
 Richard,
 
 272 Mich., 670, 262 N. W., 437;
 
 Hodges
 
 v.
 
 Moore,
 
 102 Miss., 532, 59 So., 827;
 
 Olmstead
 
 v.
 
 Smith,
 
 87 Mo., 602;
 
 Corby
 
 v.
 
 Ward,
 
 112 N. J. Law, 489, 171 A., 813;
 
 Ewing v. Wightman,
 
 167 N. Y., 107, 60 N. E., 322;
 
 Paschal
 
 v.
 
 Brandon,
 
 79 N. C., 504;
 
 Dubois
 
 v.
 
 Andrews,
 
 57 Okl., 227, 152 P., 440;
 
 McClenachan
 
 v.
 
 Malis,
 
 310 Pa., 99, 164 A., 780;
 
 Heights Land Co.
 
 v.
 
 Swengel's Estate,
 
 319 Pa., 298, 179 A., 431;
 
 Phillips
 
 v.
 
 The Maccabees
 
 (Tex. Civ. App.), 50 S. W. (2d), 478;
 
 Stevens
 
 v.
 
 Irwin,
 
 132 Wash., 289, 231 P., 783;
 
 Oconto County
 
 v.
 
 Bacon,
 
 181 Wis., 538, 195 N. W, 412, 40 A. L. R., 175; 66 Corpus Juris, 1206, Section 1069, and 1356, Section 1357.
 

 As pointed out in
 
 Hodges
 
 v.
 
 Moore, supra
 
 (102 Miss., 532, 59 So., 827, 828), the latter rule removes any possibility that the vendor will retain title to the property after payment of the purchase price by the vendee.
 

 In the case of
 
 Morris
 
 v.
 
 McKee, supra
 
 (96 Ga., 611, 613, 24 S. E., 142, 143), the Supreme Court of Georgia said:
 

 “For the breach of a contract for the sale of land by the failure of the purchaser to pay the purchase price, an action may be maintained by the party selling, even though the purchaser has not entered into the possession of the land, nor actually received a deed thereto from the seller. The seller would not, of course, be permitted to retain the land and exact the purchase money; but if the purchaser declined to pay the pur
 
 *393
 
 chase money at the time it fell due, it would be at the election of the seller, either to rescind the contract of sale, or to tender to the purchaser a deed and bring an action for the purchase money. * * * But we know of no reason why, where two men solemnly agree in writing the one to buy and the other to sell at a given price, the latter may not, upon his offer to comply, compel a performance upon the part of the former. If it be shown that the seller had no title to convey, then he could not recover the purchase money.”
 

 These observations are in harmony with practice and procedure in Ohio. Here there is but one form of action known as a civil action, and “the defendant may set forth in his answer as many grounds of defense, counter-claim and set-off as he may have, whether such as heretofore have been denominated legal or equitable, or both.” Sections 11238 and 11315, General Code.
 

 The Code of Civil Procedure, effective since 1853, abolished the distinction between actions at law and suits in equity. Under our system of jurisprudence, the same court is vested with law and chancery jurisdiction. Consequently, the general jurisdiction of the Court of Common Pleas, both at law and in equity, renders the questions involving the boundary line between law and chancery of less practical importance in the administration of justice than under judicial systems where courts of law and chancery were distinct tribunals, or where the two forms of action are strictly preserved in the same court.
 
 Goble
 
 v.
 
 Howard,
 
 12 Ohio St., 165, 167;
 
 Clayton
 
 v.
 
 Freet,
 
 10 Ohio St., 544, 546;
 
 Culver
 
 v.
 
 Rodgers,
 
 33 Ohio St., 537, 540. Compare,
 
 Colson
 
 v.
 
 Johnson’s Estate,
 
 111 Neb., 773, 776, 197 N. W., 674, 675, 35 A. L. R., 924, 926. (Obiter dictum.)
 

 It is our conclusion that the vendor in an executory contract of sale containing dependent covenants, upon default by the vendee, may maintain an action for the
 
 *394
 
 unpaid purchase price of the real estate involved, providing he has tendered a deed of conveyance before commencing his' action and keeps his tender good with a deposit of the deed in court for delivery to the vendee upon payment.
 

 Actually this procedure is equivalent to a suit for specific performance, since the vendor is asking payment of the agreed consideration in exchange for his deed, and its sanction accords with the liberality established by our Code of Civil Procedure. Compare,
 
 Gilpin County Min. Co.
 
 v.
 
 Brake,
 
 8 Colo., 586, 590, 9 P., 787, 789; 31 Ohio Jurisprudence, 590, Section 55.
 

 In demanding the balance due on the purchase price, it was incumbent on the appellant to offer the appellee a deed in conformity with the terms of the contract, which called for “a warranty deed conveying the property in fee simple, free from all encumbrances.” Was such a conveyance proffered the appellee at any time?
 

 The record discloses that the lot in controversy was included in a blanket mortgage, held by three persons, composing a Noteholders Protective Committee. Appellee was tendered a mortgage release signed by only two of them. In the absence of anything showing the powers or authority of these three individuals, they must be confined to a joint performance of powers, requiring the exercise of authority by the action of all of them. When the control of a private trust is vested in cotrustees, they all form but one collective trustee and must act together. 40 Ohio Jurisprudence, 429, Section 169; 26 Ruling Case Law, 1333, Section 197; 3, Bogert on Trusts and Trustees, 1757, Section 554; 1, Perry on Trusts and Trustees (7 Ed.), 684, Section 411. We consider this principle controlling here.
 

 Therefore, the title offered to the appellee wtas at best questionable. Appellee was not obliged to accept either an encumbered or a doubtful title.
 
 Lewis
 
 v.
 
 *395
 

 White,
 
 16 Ohio St., 444;
 
 Walsh
 
 v.
 
 Barton,
 
 24 Ohio St., 28;
 
 City of Tiffin v. Shawhan,
 
 43 Ohio St., 178, 1 N. E., 581;
 
 Black v. Am. International Corp.,
 
 264 Pa., 260, 107 A., 737.
 

 For failure of the appellant to comply with its obligation to tender appellee a conveyance as stipulated in the contract, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Williams and Gorman, JJ., concur.
 

 Myers, J., concurs in the judgment and paragraph four of the syllabus.