NEWMAN ET AL., APPELLEES, *v.* SCHEIN, EXR., APPELLANT.

(Decided April 8, 1938.)

*Messrs. Phelps & King,* for appellees.
*Messrs. Mathews & Hyde,* for appellant.

SHERICK, J. In 1921 the plaintiffs owned, and, by the terms of a certain land contract, agreed to sell to defendant's decedent, a tract of land, which decedent agreed to purchase for a fixed consideration, to be paid in installments. The contract provided, among its other provisions, that if the purchase money, interest, taxes, etc., were fully paid, the vendors were to convey the premises. It was further stipulated that in case of default the vendors might elect to treat the contract as void.

The decedent received and held possession of the premises until June 16, 1934, which was the date of his death. During this period certain considerable payments were made. By the terms of his will this property was devised to his son, Joseph Schein, who, on July 13 thereafter, was appointed executor of the vendee's estate. The estate was insolvent.

The agreed facts disclose that the vendee was in default in 1931, and by the terms of the covenant the entire balance of the purchase price became due and payable on July 1, 1934. The principal and interest then due amounted to $7,858.44. On October 15, next, plaintiffs presented their proof of claim for that sum. It recited how the claim arose and the retention of title held as security therefor. Defendant executor allowed the demand as a valid claim against the estate on November 15, 1934.

Thereafter plaintiffs commenced an action in foreclosure against the defendant in his capacity as executor and as an individual. Sale of the property was sought and application of the proceeds thereof on the accepted claim was asked. On May 31, 1935, a decree of foreclosure was entered. The property was next appraised, and, on July 23 of the same year, was sold by the sheriff to the highest bidders, who were the plaintiffs' vendors, for the sum of $5,900. A portion of this sum was expended in the payment of taxes, assessments and costs, and the residue applied on the amount theretofore found owing to the plaintiffs. The balance thereby created and remaining due on their claim was $2,986.21. Concerning this sum or the plaintiffs' subsequent right to recover this amount, no order was made. On September 11, the sheriff conveyed the premises to the plaintiffs, who took possession thereof. The decedent and his devisees had held possession thereof up to that time.

Thereafter defendant executor notified the plaintiffs that he now rejected their previously allowed claim. Thereupon plaintiffs tendered a deed to the premises, which was rejected, and this action was begun to recover the deficiency previously stated. The issues were made by the pleadings and an agreed statement of facts, and the matter was submitted to the trial court without the intervention of a jury. That court's

judgment was in plaintiffs' favor. From this judgment the defendant now appeals. It is maintained that the judgment is contrary to law and against the manifest weight of the evidence.

The principal question is: Does the bringing of the action in foreclosure by the vendors and the subsequent taking possession as a purchaser destroy the mutuality of the contract of purchase and sale so as to deprive the defendant of the benefits which he might have derived from the contract and relieve him as executor of the obligations imposed thereby? It is urged, under the authority of *Will-O-Way Development Co.* v. *Mills,* 122 Ohio St., 242, 171 N. E., 94, that, inasmuch as plaintiffs had not tendered a deed, presumably at the time of filing their claim for allowance, this action cannot be now maintained. As a third hypothesis for reversal of the cause it is asserted that the plaintiffs' choice and pursuit of the remedy of foreclosure was an election to consider the contract as void, and, accordingly, that this remedy is incompatible with that invoked by this action. In other words, foreclosure having been first selected, the present relief sought is barred by reason of the adjudication in the former action. We shall consider these three respective questions collectively.

The appellant is disposed to admit, as well he might, that foreclosure and personal judgment are ordinarily concurrent remedies which may be pursued in the same action. This, of course, is to be taken and understood with the reservation that such would not be true if strict foreclosure were pursued. By strict foreclosure, we mean the voiding of the contract by a seizure of the property. In such case, if damages were then allowed, a vendor would unjustly enrich himself at the vendee's expense. But was such attempted to be done in this case? We think not. When the executor allowed the plaintiffs' claim, he then and thereby made it impos-

sible for the plaintiffs to pursue their remedy for damages. Had he refused to allow the claim, plaintiffs would then have been bound to seek that remedy within the statutory time or the right would have been lost. It is axiomatic of the law of damages that the owner of a secured claim must exhaust his security before he is entitled to be considered as a general creditor with a right to participate in a general fund which is sufficient to pay the general claims in full. In accordance with this rule, the plaintiffs acted in proper fashion in seeking foreclosure and diminution of their claim. In fact, the defendant must have acceded to this course. He, at least, stood by and saw the property sold. He made no attempt to pay the sum due, or to redeem the property within the period allowed by the court. He permitted foreclosure and does not appeal from the judgment. It is well to remember two facts, one affirmative, in that the estate was insolvent and perhaps unable to execute the obligation; the other negative, in that consummation of the deal was not advantageous to the estate or the executor individually. We conceive that had acquisition of the real estate been profitable, the contract would have been promptly carried out.

Did the known financial condition of the estate and the act of the executor in the allowance of the plaintiffs' claim have a bearing on the matter of tendering a deed? We thing it did. Surely it was contemplated that the estate was financially unable to consummate its purchase agreement. The executor's act and subsequent conduct so indicates. This being true, it must follow that tendering a deed would have been a vain thing. In such case, it is a clear exception to the rule that tender is a necessary prerequisite to recovery. To our notion, the tender of a deed after purchase at plaintiffs' sale, was not a necessary act, but

it was in fact a gesture of good faith on plaintiffs' part.

It is remembered that personal judgment was not sought in the foreclosure action and it was not entered. We think it is clear, without citation of authority, that where the proceeds of a sale of security are not sufficient to satisfy the debt and a deficiency judgment is not entered upon foreclosure, the creditor may thereafter seek personal judgment against his debtor for such deficiency on the obligation which he possessed. The security did not satisfy the debt. This fact can not extinguish the claim.

This court is of opinion that the defendant fails to distinguish between an election of remedies and an election of remedial rights. It is aptly held in *Frederickson* v. *Nye,* 110 Ohio St., 459, 144 N.E., 299, 35 A. L. R., 1163:

"An election of remedies or forms of action or procedure does not necessarily involve a choice as between two existing substantive rights. A form of action or remedy is but a means of administering justice rather than an end in itself. There is, therefore, a marked distinction between an election between remedies or forms of action and an election of remedial rights. One goes to the substance and the other to the form. Where the remedies afforded are inconsistent, it is the election of one that bars the other; where they are consistent, it is the satisfaction which operates as a bar. It is the inconsistency of the demands that makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different."

It is the judgment of this court that the plaintiffs did not elect to treat the contract as void, but consistently sought to procure the balance of the purchase price. The two actions were not inconsistent but responsive to the end that the debt be paid in full

insofar as the same might be possible. The judgment must be and is affirmed.

*Judgment affirmed.*

MONTGOMERY, P. J., and LEMERT, J., concur.

MONTGOMERY, P. J., SHERICK and LEMERT, JJ., of the Fifth Appellate District, sitting by designation in the Seventh Appellate District.