LAMBRIGHT, APPELLANT, *v.* HECK ET AL., APPELLEES.

(No. 744—Decided November 28, 1949.)

*Mr. Francis A. Marley,* for appellant.
*Messrs. Guernsey & Guernsey,* for appellees.

CONN, J. This action was begun by plaintiff July 10, 1948, in the Court of Common Pleas against the defendants, Vaughn A. Heck and Jean A. Heck, husband and wife, on a promissory note in the principal sum of $1,000, dated July 10, 1947, due on or before one year after date without interest if paid when due.

Pursuant to the authority of the warrant of attorney incorporated in the note, an answer was filed waiving the issuance and service of process and confessing judgment in the amount of $1,060.83 and costs. On the same day, judgment was entered for that amount, execution was issued and levy made on a 1941 Buick sedanet automobile. On motion of defendants, the judgment was set aside and suspended, the execution issued thereon stayed, and defendants were given leave to answer forthwith.

Separate answers were filed by each defendant. The defendant Jean A. Heck alleged that at the time she signed the note she was a minor and that she disavowed the same, and for a second defense, averred that she signed the note by reason of false representation made by plaintiff that she was signing an option to purchase three lots. The answer of defendant Vaughn A. Heck contains four defenses—a general denial, want of consideration, failure of plaintiff to tender a deed for the lots described on the face of the note for the purchase of which the note was given, and that the defendant was induced to sign the note by false representation that he was signing an option to purchase such lots.

Separate replies were filed to the answers, denying the allegations therein. It was further averred that the note was signed as a part of the purchase of real estate under the provisions of the Servicemen's Read-

justment Act of 1944; that the note was given by defendants to plaintiff to cover the balance of the purchase price of four lots adjoining each other, one being improved with a dwelling, and the other three unimproved.

The issues raised on the pleadings embrace the right of defendant Jean A. Heck to avoid payment on the ground of infancy, the validity of the note sued on, and the necessity of plaintiff tendering a deed to defendants for the three lots as a condition precedent to the maintenance of his action on the note.

The issues were submitted to the court, jury trial being waived, and a finding and judgment were entered for defendants, from which plaintiff appeals on questions of law.

The errors assigned by plaintiff are substantially grounded on the adverse finding and judgment of the trial court on the above issues.

1. At the conclusion of plaintiff's evidence, the court sustained the motion of defendant Jean A. Heck, dismissing the action as to her on the ground of her minority and her disavowal of obligation on the note.

It is undisputed that the defendants agreed to purchase the four lots and dwelling house, including some furniture and an automobile, at the total price of $6,000, on condition that a loan under the Servicemen's Readjustment Act could be obtained; that no such loan could be obtained, except on the one lot on which was located the dwelling; that defendants obtained a loan of $4,950 and paid $50 cash, which plaintiff accepted for the dwelling house and lot, including the furniture and automobile. For the remainder of the agreed price of $1,000 for the unimproved lots, plaintiff accepted the $1,000 note of defendants sued on in this case.

Section 8023-1, General Code, provides:

"* * * Any person who is eligible for a loan under

the Servicemen's Readjustment Act of 1944 or any amendments thereto, whether or not said person or his or her spouse is a minor, is authorized and empowered, * * * to execute any and all contracts, notes, * * * under the Servicemen's Readjustment Act of 1944 * * *."

The loan having been made on the lot improved with the dwelling house, excluding the three unimproved lots which were not purchased with the proceeds of the loan, the statute would have no application in determining the validity of the note or the issue of Jean A. Heck's liability thereon. The court did not err in dismissing this action as to the defendant Jean A. Heck.

2. The issue of the validity of the note is raised on the alleged false representation of plaintiff that defendants were signing an option to purchase the lots and that they signed the note without reading it or knowing its meaning or import.

The evidence shows that immediately following the final steps taken in the matter of the loan, the parties went to the office of an attorney known to all of them and that plaintiff told the attorney, in the presence of defendants, that they "wanted a note." The note was prepared by the attorney now representing the defendants in this action, while the parties waited. After the note was prepared, the defendants then and there signed the note and it was delivered to plaintiff.

The record contains no credible evidence of any false representation on plaintiff's part whereby the defendants were induced to sign the note. The claim of defendants is incredible that it was executed under the belief that it was an option. We conclude that this assignment of error should be sustained, as this defense is wholly without merit.

3. It is conceded that plaintiff did not tender to defendants a deed for the three lots as a condition prece-

dent to the commencement and maintenance of this action. The promissory note sued on is an unconditional promise of the makers to pay a certain sum of money and is in the usual form of a negotiable instrument prescribed in the statute. (Section 8106, General Code.)

The notation on the face of the note that it was given in payment of the three lots is not incorporated in the body of the instrument as a condition or reservation and does not modify the note with respect to its character as an unconditional promise or as a negotiable instrument.

Section 8108, General Code, provides:

"An unqualified order or promise to pay is unconditional within the meaning of this chapter, though coupled with:

&ast;        &ast;        &ast;        &ast;        &ast;

2. A statement of the transaction which gives rise to the instrument."

*Mansfield Savings Bank* v. *Miller,* 2 C. C., 96, 1 C. D., 381; *Cincinnati Brush & Mop Mfg. Co.* v. *Weber,* 35 Ohio App., 506, 172 N. E., 568.

The evidence clearly shows that the promissory note sued on was executed and delivered by defendants pursuant to an oral agreement between the parties for the sale and purchase of the three lots. There is no claim that plaintiff did not own the lots, that he was unable to convey them, or that, for any other reason, plaintiff would not or could not perform. The promise of the plaintiff to convey the lots to defendants is a sufficient consideration for the promissory note executed by defendants and on which plaintiff claims in this case. 29 Ohio Jurisprudence, 909, Section 121.

Furthermore, the note being a negotiable instrument, the law presumes it to have been issued for a valuable consideration. (Section 8129, General Code.)

The defense of want of consideration is without support, either on the evidence or under the law.

Was plaintiff required to make a tender of the deed as a condition precedent to bringing his action? Plaintiff contends that tender of a deed is not a condition precedent in this case for the reason that defendants informed plaintiff that they would not or could not pay the note and that a tender under these circumstances would have been useless. It has often been said that the law does not require the doing of a vain thing. 39 Ohio Jurisprudence, 133, Section 2. *George Wiedemann Brewing Co.* v. *Maxwell,* 78 Ohio St., 54, 84 N. E., 595.

It is further urged by plaintiff that plaintiff's agreement to convey the lots and the defendants' agreement to pay the note were not dependent covenants. On the other hand, defendants contend that the note was in the nature of a land contract, as it was stated on the face of the note the purpose for which it was given. The case of *Will-O-Way Development Co.* v. *Mills,* 122 Ohio St., 242, 170 N. E., 439, is relied on. That was an action to recover the balance due on a land contract and it was held that as the purchase price was payable in instalments, the covenants were dependent and that the vendor could not recover a judgment for the balance due, which included the final instalment, in the absence of tender. In the instant case the covenants are not mutually dependent but clearly independent.

It is the opinion of this court that the unconditional promise to pay the principal of the note and the covenant to convey the lots were independent covenants, and for this further reason plaintiff may maintain his action on the note against the defendant Vaughn A. Heck without tender of a deed as a condition precedent.

The order vacating the judgment as to Jean A.

Heck is affirmed, and the order as to Vaughn A. Heck suspending the judgment and staying execution is reversed. The judgment in favor of plaintiff and against Vaughn A. Heck and the execution and levy made pursuant thereto are restored and this cause is remanded to the Common Pleas Court for further proceedings.

*Judgment reversed in part.*

CARPENTER and FESS, JJ., concur.