Marshall, C. J.
 

 The installment payments of $25 per month upon a purchase of property of the value of $3,500 would not be unconscionable, unreasonable, or disproportionate in amount, and if an issue had been made upon that point would very probably have been held to be a reasonable contract and not revocable as a penalty. That question cannot arise in this" case, because the defendant is the only one who could complain of treating them as liquidated damages, and he makes no complaint, but has tendered a surrender of the property, and has likewise surrendered his claim for the return of any portion of the payments made. The contract gave to the vendor two important rights: First, upon default in the payment of any installment when due, to elect to have all remaining installments become immediately due and payable; second, to declare the contract void, from which it followed that he
 
 *592
 
 might institute foreclosure proceedings. Neither of these rights was denied to him. He availed himself of both rights. The second right pertained to a recovery of the possession of the property in the event the vendee did not yield np quiet and peaceful possession.
 

 The first right permitted the vendor to make claim for the entire balance of the purchase money upon default in the payment of any installment. The right to make such claim was, however, subject to the condition that if the vendee should yield up quiet and peaceful possession the payments and improvements should be taken and considered as a fair rental for use and occupation and as liquidated and stipulated damages for the breach of the contract. The vendor had the undoubted right to institute foreclosure proceedings, but it was, of course, unnecessary in view of the tender of the vendee to yield up quiet and peaceful possession. The petition contained a prayer for personal judgment, but the plaintiff could, of course, recover only such damages as resulted from the breach of the contract itself, and the contract having provided that the installment payments made would be taken and considered as fair rental for the use and occupation, and as liquidated and stipulated damages for the breach of the contract, and the vendee having made no claim for the return of any part of the installments paid, and the answer having admitted the payment of the installments, there could be no recovery of a personal judgment. By the contract itself it was provided that the installments payable under the contract would be compensation for the breach, and they therefore became the measure of damages, and
 
 *593
 
 no other recovery will be permitted to the complaining party. By the fact of plaintiff having elected under that clause of the contract to declare all unpaid installments immediately due and payable, the defendant became entitled to tender a return of the property and thereby be exonerated from further liability thereunder.
 

 The court erred in denying the demand of the defendant for a trial by jury. By the provisions of Section 11379, General Code, in all actions for the recovery of money, the defendant is entitled to trial by jury, unless a jury trial be waived. The court likewise erred in overruling the defendant’s motion for judgment in his favor upon the pleadings. When the petition, the answer, and the reply are considered together, no issue of fact is presented. They present only the legal question whether a tender of quiet and peaceful possession of the property by the vendee to the v¿ndor operated as a discharge from further liability.
 

 Ordinarily, where a petition is filed for personal judgment and for foreclosure, the defendant is entitled to have the question of personal judgment submitted to the determination of a jury, unless expressly waived. The question of foreclosure of the equity of redemption raises an issue in chancery. The Court of Appeals did not therefore err in rendering final judgment in favor of the defendant.
 

 Its judgment reversing the court of common pleas and rendering final judgment in favor of the defendant will therefore be affirmed.
 

 Judgment affirmed.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.