**PROVIDENT SAVINGS BANK & TRUST CO. v HUBER et**

Common Pleas Court, Hamilton Co.

No. A-64956. Decided Sept. 25, 1940.

Clark & Robinson, Cincinnati, for plaintiff.

Leo J. Brumleve, Jr. and David B. Wood, Cincinnati, for Fred C. Huber, and Estella Huber.

### OPINION

By MORROW, J.

In the first cause of action the plaintiff sets forth that the defendants Fred C. and Estella Huber owe it $16,000, with interest, on a note.

In the second cause of action the plaintiff sets forth the delivery of a mortgage deed securing said note and the pledging of certain real estate, asserting that the conditions of said mortgage have been broken by the defendants Fred and Estella Huber, the makers of the note and mortgage.

It is also recited that the Hubers conveyed the said real estate to the defendant Christine M. Schehl.

In the prayer the plaintiff asks for judgment for $16,000, with interest, for foreclosure of the mortgage, and also prays for a deficiency judgment in the event a sufficient sum to pay the debt is not realized from the sale of the mortgaged premises.

To this petition the Hubers answer by amended answer in substance as follows:

(A) They admit the delivery of the $16,000 note to the plaintiff, and admit the delivery of a mortgage deed, as is described by plaintiff, at the same time. They say that they hired the plaintiff, however, as their real estate agent to sell the mortgaged property, that plaintiff sold said property to defendant Christine Schehl for $20,000, that plaintiff informed the defendant Hubers that the money was collected and the mortgage was cancelled; and they say further that no demand was made upon themselves to pay the $16,000 note for more than eight years after its maturity.

(B) Defendants further say that the note has been fully paid with interest.

(C) For further defense defendants state that the plaintiff informed them that the plaintiff delivered a general

warranty deed to Christine Schehl without receiving the $20,000 cash consideration; that the mortgage was not cancelled; that plaintiff permitted defendant Christine Schehl to pay interest due on the note for ten years, and plaintiff did not demand from said Christine M. Schehl balance due on purchase price to pay note. Defendants say that if this was done, it was done without knowledge of defendants the Hubers, and contrary to authority given by them to the plaintiff as sales agent, and plaintiff is estopped from asserting that the note for $16,000 and all accrued interest thereon has not been paid and satisfied.

(D) Defendants further disclaim all interest in the mortgaged property, and make no defense to the prayer of the petition that said mortgage be foreclosed and that the property be sold.

(E) The amended answer of the Hubers winds up with a general denial.

No reply appears to the amended answer of the Hubers, but a reply to the answer which was filed before the amended answer admits that plaintiff was employed as agent by the defendants in 1938 to sell the premises · described and denies all the other allegations in the answer. As far as we are concerned, however, in this case, we can disregard the pleadings beyond the amended answer.

### A.

The question is whether the defendants Hubers are entitled to a jury trial, which they are seeking, as the pleadings now stand. In most jurisdictions it appears that the answer would be in the negative.

In the very fine note in American Law Reports, under the heading "Right to jury trial of issues as to personal judgment for deficiency in suit to foreclose mortgage," the editor says, 112 A. L. R., p. 1493:

"In a decided majority of jurisdictions where the point has been directly ruled upon it is held either as a mere matter of statutory construction or as a matter of constitutional law, that in a mortgage foreclosure suit there is no right to a jury trial of issues of fact bearing on the right to a deficiency judgment, because a foreclosure suit is in equity and determination of issues as to a deficiency decree is merely incidental thereto."

However, it appears from the note, 112 A. L. R. p. 1502:

"In Indiana, Kansas, Ohio and Oklahoma, by virtue of statutory provisions, it has been held that a defendant in a mortgage foreclosure proceeding is entitled to a jury trial of issues of fact relative to the right to the entry of a deficiency decree against him," (Citing cases.)

### B.

Now, as to Ohio. Commencing with the case of **Ladd v James, (1859) 10 Oh St 437,** it was decided without citation of constitutional provision or any statute seeming to bear on the point under annotation, that

"Where an action is tried upon a note and on a mortgage given to secure its payment and a judgment is asked upon the note and for a sale of the mortgaged property, any issue of fact which affects the judgment upon the note is an issue which either party has a right to demand that it shall be tried by a jury." See also **Keller v Wenzell, 23 Oh St 579,** in which certain Ohio statutes were cited, and finally **McKenzie v Stuber, 119 Oh St 588; 165 N. E. 296.** In this last case Judge Marshall cited §11,-379 GC, providing that in all actions for the recovery of money the defendant is entitled to a trial by jury, unless a jury trial be waived, and states finally on page 593:

"Ordinarily where a petition is filed for personal judgment and for foreclosure, the defendant is entitled to have the question of personal judgment submitted to determination of a jury unless expressly waived."

The same statement is made in syllabus 1 of the case.

We would not have gone into the matter to this length if it had not been that the question has apparently been a vexatious one in Ohio, as there are a number of cases bearing upon the subject between the Ladd v James case and the McKenzie v Stuber case. Hardly a score· of years passes without some phase of the question appearing before the Supreme Court. For instance, in one of his excellent, terse, clear decisions Judge Schauck takes up the matter of appeal in the case of **Grapes et v Barbour et, 58 Oh St 669**. The principle enunciated is the same, it being borne in mind that an action to be subject of appeal must be one in which the right to demand a jury does not exist.

In the Grapes case it appeared that the plaintiff, by leave of court, withdrew the prayer. for personal judgment and all that was done later was to find the amount due and to decree a foreclosure. Such a case, Judge Schauck held, was appealable, because there was no prayer for personal judgment.

## C.

It has been claimed that a foreclosure can not· be had without first determining that there is an amount of money due to plaintiff from defendant, but as stated in Bates on Pleading and Practice, 4th Ed., p. 1838, Section 2078:

"The finding of the amount due or of an unsatisfied balance and awarding execution therefor is not a judgment, but a debt of record only. (Citing cases) Nor is the preliminary finding of amount due and ordering sale to pay it a judgment. It is merely interlocutory."

"No personal judgment in the proper sense, that is one which will be a lien on other lands, can be had unless prayed for."

It will thus be seen that the distinction between a simple suit to foreclose a mortgage, which incidentally finds an amount owing from defendant to plaintiff for which pledge was given, and a suit which further asks for a personal judgment, is well established by the law that foreclosure alone affects noth-

ing further than the property pledged, even though the court incidentally makes a money finding.

For an extended discussion of the law in this matter see **Lumber Co. v Troxel, 10 C. C. (N.S.) 83**, and the discussion of authorities on pages 85 and 86. As is stated there:

"The prayer for personal judgment was withdrawn and this withdrawal was evidenced by a journal entry. This left nothing for the jury to pass upon and nothing remained but the request for a decree of foreclosure and finding of the amount due of sale and distribution. These were all matters within the peculiar province of the chancery powers of the court."

An old Nisi Prius case which has never been overruled, namely, **Clippenger & Co. v James Ross, 2 O. D., Reprint, 562**, states as follows in a similar case to the one at bar:

"In cases like this the proper practice is to separately state and number each cause of action as different counts. The law issue must be tried by a jury, unless a jury trial is waived. The chancery issue must be by the court unless the court order an issue to be tried by a jury. On the law issue a judgment will be rendered as at law, and on the chancery issue the court will render a judgment in the nature of a chancery decree, but the law issue may be tried by a jury and chancery issue by the court; the jury may find one amount due on which there will be judgment and execution against goods and lands generally, and the court on the chancery issue may find a different amount and render judgment therefor on the nature of a decree to sell the real estate covered by lien."

See also a discussion of this matter in **2 O. Jur., p. 171, ¶153**, citing further cases.

See also **24 O. Jur. p. 146, ¶15**, wherein the Clippenger case is cited.

A case which seems to conflict with the above line of authorities, but in which no such issue was clearly passed

upon, and which is cited by Corpus Juris, is **C. S. & L. Association v Kreitz, 41 Oh St 143.** The court, in a short opinion, seems to consider itself confronted with an action for an accounting.

Coming to the instant case, it will be noted that the first cause of action speaks of $16,000 and interest owing on a note. The prayer, which is not considered a part of the petition for purposes of pleading, but which we are bound to consider, as did Judge Schauck in the Grapes case, asks for $16,000 with interest, and for a personal judgment for deficiency against the defendants in the amount of the deficiency.

In view of these facts, and also of the four questions of fact directly raised by the amended answer of the Hubers in this case, we are of the opinion that this is a case which should be heard by a jury and an entry may be submitted accordingly.